No. 98.—DAVID J. BOTHWELL and others, plaintiffs in error, *vs.* E. O. SHEFFIELD and others, defendants.

[1.] The sureties of a Sheriff, after recoveries have been had against them to the amount of their bond, may defend themselves *at law* against all pending or future suits on that ground.

In Equity, in Dooly Superior Court. Decision on demurrer, by Judge WARREN, May Term, 1850.

The bill in this case, filed by David J. Bothwell and others, as the securities of E. O. Sheffield, former Sheriff of Dooly County, alleged, that the amount of the bond was $5000; that Sheffield and his Deputy collected, on sundry executions, an amount largely ex-

ceeding the sum of $5000, which they failed to pay over, alleging as their excuse, that the money was deposited in their office in the court-house of Dooly County, and was destroyed by fire when the court-house was consumed. The bill alleged that many of the plaintiffs in *fi. fa.* had commenced suits against the Sheriff and his sureties to an amount exceeding the penalty of the bond, and others had not yet commenced suit; that two of the creditors had died pending the suits, and their representatives were not yet made parties; that the Sheriff was resisting the recovery, on the ground stated, but should he fail in his defence, the judgments against the sureties would largely exceed the penalty of the bond. The prayer of the bill was, that the Court would so direct the recoveries, that the creditors first entitled should recover to the amount of the bond, and the remainder be restrained from prosecuting their suits against the sureties.

On demurrer, the Court dismissed the bill, on the ground that complainants had a complete Common Law remedy.

This decision is assigned as error.

HINES & HINES, for plaintiffs in error.

BAILEY, for defendants.

*By the Court.*—LUMPKIN, J. delivering the opinion.

We concur fully in the judgment of the Circuit Court, that the securities have a plain and adequate remedy at Common Law. Whenever, by previous recovery, the penalty of the Sheriff's bond has been exhausted, they can plead this fact, and protect themselves from further liability; and this being the case, it would be unjust to the more vigilant suitors who have been aggrieved or injured by the official misconduct of the Sheriff, to restrain them from prosecuting their rights at law. *Acts of* 1847, *p.* 201.

Judgment affirmed.