(81 Hun, 267.)
### BROWN v. CLARK. SAME v. MELVIN. SAME v. MEAD.

(Supreme Court, General Term, Fifth Department. October 17, 1894.)

CORPORATIONS—TRUSTEES—FAILURE TO FILE ANNUAL REPORT.

Trustees are not relieved from liability for failure to file the annual report required by Laws 1892, c. 2, by the fact that the corporation, by reason of financial difficulties, had ceased to carry on the business for which it was organized, and that the trustees were engaged in disposing of its effects with the intention of dissolving, where no step had been taken which would prevent the resumption of business at any time.

Appeal from special term, Ontario county.

Action by Hiram L. Brown against Charles M. Clark, by the same plaintiff against John Melvin, and by the same plaintiff against Edwin D. Mead. From an interlocutory judgment in each case sustaining a demurrer to the answer, defendant appeals. Affirmed.

These actions are brought to enforce a personal liability against the defendants, as trustees of the Shortsville Cart Company, for a failure to file the annual report required by chapter 2 of the Laws of 1892. The demurrer is, of course, to be taken as a concession of all the facts alleged in the pleading demurred to, and such facts, together with some additional ones set forth in the complaint, and not denied in the answer, may be thus stated: The Shortsville Cart Company is a manufacturing corporation organized under the laws of this state, and at the time of the commencement of these actions it was insolvent, and wholly unable to pay its debts. Its place of business was at Shortsville, Ontario county, and for a long time prior to the default upon which these actions are based it was indebted to one Edgar D. Mather, a banker doing business at that place, for moneys loaned by him to the corporation, and by it expended in the prosecution of its business. Such indebtedness was evidenced by certain promissory notes made by the defendant to the order of and indorsed by one Calvin P. Brown. These notes were renewed from time to time, and the last renewals were in existence, but not yet due, in January, 1893. The plaintiff, the said Edgar D. Mather, and the said Calvin P. Brown are all stockholders of such corporation, and up to the 13th December, 1892, Mather was its treasurer, and one of its trustees. Upon the day last mentioned the annual meeting of the stockholders of the company was held at the banking office of Mather, and both of the Browns were present, all of them being active participants in the proceedings thereof. At this meeting the financial affairs of the company were discussed, and it was then made to appear that its business had been carried on at a loss; that for this reason it had discharged its employés, and for a period of some four months prior thereto it had wholly ceased the manufacture of the articles it had been organized to manufacture, and that for the same period of time it had transacted little or no business, except to dispose of such products as had been theretofore manufactured. In view of this situation of affairs, it was determined at this meeting to discontinue and abandon the business for which the company was incorporated, and to dispose of its property and effects at the earliest possible date. To this end trustees were elected, of whom the defendant in each action was one, and they were directed to sell the shop, stock, and machinery, and terminate the business as soon as possible. The trustees thus elected entered at once upon the discharge of their duties in the manner directed by the meeting. They did no further manufacturing; they purchased no additional stock; neither did they incur any new obligations, but as rapidly as possible they converted the stock on hand into money. Thereafter, and in the month of May, 1893, proceedings for the legal dissolution of the corporation were duly instituted, and a temporary receiver of its property was appointed by the court. The newly-elected trustees never filed any report of the condition of the company. Upon the maturity of the last renewals of the notes

in question, Mather instituted proceedings for their collection, and when he had obtained judgment thereon he assigned the same, together with the notes, to the plaintiff, who is now the owner and holder thereof.

## The opinion of Mr. Justice ADAMS at special term is as follows:

If this were an action in which the court felt itself authorized to determine the issue upon principles of equity, it would not be a matter fraught with much difficulty to hold that the pleading demurred to contained a good defense, for it is easy to see that the plaintiff is taking advantage of a condition of things for which he is in a measure responsible to enforce the payment of a debt by parties who, while technically guilty of an omission of their statutory duties, have not by such omission prejudiced the plaintiff or his assignor in the slightest degree. But the action is a strictly legal one, and, moreover, it is brought to enforce a statutory liability, which, although highly penal in its character, is one which is also beneficial, so far as the general public is concerned; and therefore, while the courts have not been anxious to extend by construction the liability of a trustee for a violation of the duty imposed by the statute, they have nevertheless manifested a disposition to apply the remedy which it is designed to afford with considerable rigor. The portion of the answer demurred to was undoubtedly drawn by the pleader with the sole idea of setting up by way of justification a state of facts which might be regarded as tantamount to an abandonment by the corporation of the business for which it was organized, as well as a practical termination of its corporate functions. It is true that in the last paragraph there is an allegation to the effect that the plaintiff, his assignor, and Calvin P. Brown each had due knowledge of all the facts, which, as has been shown, stand admitted; and upon the argument it was contended that for this reason the plaintiff should not be permitted to recover. But if it may be held that such a defense is sufficiently pleaded (of which there is serious doubt), it would be difficult, in view of repeated adjudications, to make it available upon the facts of this case. Had Mather continued to act as a trustee until the default complained of occurred, unquestionably neither he nor his assignee, within well-settled principles, could maintain this action. Briggs v. Easterly, 62 Barb. 51; Bronson v. Dimock, 4 Hun, 614. But, as is said by Van Brunt, J., in the latter of these cases, the reasoning therein does not apply where it appears that the assignor, as in this case, had ceased to be a trustee before the failure to file the annual report, and it necessarily follows that the mere fact that the plaintiff and his assignor are stockholders, that as such they were present at and participated in the meeting of December 13th, and were made thoroughly acquainted with the financial condition of the company, does not constitute any defense; and so it was expressly held in Sanborn v. Lefferts, 58 N. Y. 179. It remains, therefore, to determine whether the averments set forth in the second defense do establish such an abandonment by the corporation of its business as would justify its trustees in omitting to file the annual report required by the statute. It has been repeatedly held that where a corporation is practically dissolved and abandoned the requirement as to filing a report is no longer in force (Bank v. Studwell, 74 N. Y. 621; Losee v. Bullard, 79 N. Y. 404; Bruce v. Platt, 80 N. Y. 379; Van Amburg v. Baker, 81 N. Y. 46), and in reviewing these authorities, Judge Danforth, in Kirkland v. Kille, 99 N. Y. 390–395, 2 N. E. 36, takes occasion to formulate the result of his investigation, as follows, viz.: "That when the condition of the company is such that the end and object for which it was formed are destroyed, and there is neither an ability nor intention on its part at any time to further prosecute its business, it is no longer required to make the report." Now, although in the case of the Shortsville Cart Company it was made to appear in December that it had been doing business at a loss, and was consequently in a state of insolvency, it can hardly be said that the end and object for which it was formed were destroyed, for its failure to succeed may have been attributable to some mismanagement, or to some other cause, which, when removed, would put an entirely different aspect upon its affairs. Neither can it be said that the ability to continue its business did not exist. That there was a bona fide intention on the part of its trustees to discontinue the

business of manufacturing and to wind up its affairs is not to be questioned; but if, upon maturer deliberation, or the happening of some unexpected event, the opportunity for resuming active operations had presented itself, there was nothing to prevent them from embracing it; and in that case, if defendant's contention is tenable, all statutory liability might be easily evaded for at least such obligations as were incurred prior to actual resumption. It is true that the answer alleges that the business was abandoned, and that nothing was done by the trustees subsequent to the meeting of December 13th, save what was necessary in order to close up the affairs of the company; but this, however, is really no more than the statement of a conclusion, but it matters not what was actually done so long as the trustees and the stockholders still had the right and the power to rescind former action, and continue the business. In this connection it is worth noting that there is a somewhat significant absence of any allegation that no meetings of the trustees were held subsequent to the one of December 13th. I am unable to discover any material difference between the facts of this case and those upon which the decision in Sanborn v. Lefferts, supra, was made to rest. In that case it is said that, in the absence of any legal dissolution of the company, the extrajudicial proceedings like those which characterize the case under consideration did not affect the statutory liability of trustees to creditors. Possibly this proposition has been somewhat modified by later decisions, but practically it has been pretty well adhered to, and the fundamental principle of that case has been reiterated very recently by the court of appeals. Bank v. Lamon, 130 N. Y. 366, 29 N. E. 321. Upon well-sustained and oft-repeated authority it would seem that this court has no alternative in the matter, and the demurrer is therefore sustained, with leave to the defendant in each case to amend his answer within 20 days upon payment of the costs of this issue; but in case the defendant does not elect to amend his answer the costs of this issue may abide the event of the issue of fact.

Argued before DWIGHT, P. J., and LEWIS, HAIGHT, and BRADLEY, JJ.

W. H. Knapp and T. H. Bennett, for appellants.
F. L. Brown and E. M. Morse, for respondent.

PER CURIAM. Interlocutory judgment appealed from in each case affirmed, with costs, with leave to amend answer within 20 days as to the issue in question, upon payment of the costs of this appeal, on opinion of ADAMS, J., at special term.

---

(10 Misc. Rep. 24.)

BANZER v. BANZER et al.

(Common Pleas of New York City and County, Equity Term. October, 1894.)

1. ESTATE BY ENTIRETIES—HOW CREATED.
    An estate by entireties is created only by a conveyance to husband and wife.

2. SAME—CONVEYANCE TO WIFE BY HUSBAND'S COTENANT.
    A conveyance to the wife by the husband's cotenant is inoperative to create such an estate.

3. WILLS—LIMITATION OVER AN ABSOLUTE DEVISE.
    A limitation over upon a devise of the entire and absolute estate, with an express and unqualified power of disposition in the first taker, is void for repugnancy.

(Syllabus by the Court.)