## 598 CUMMINGS v. AMERICAN GEAR AND SPRING CO.

SILAS H. CUMMINGS, Respondent, v. AMERICAN GEAR AND SPRING COMPANY and Others, Defendants; LANGFORD S. KEATING and Others, Appellants.

*Joinder of causes of action against a corporation to set aside a mortgage and a judgment recovered collusively and to enforce the liability of directors and obtain a distribution of the assets — a demurrer too general, overruled — annual report of a practically dissolved corporation.*

The complaint in an action against a corporation and five other parties, three of whom were directors, another of whom was a judgment creditor, and the other a grantee of the corporation, alleging that the plaintiff's assignor had recovered a judgment against a corporation and that an execution issued thereon had been returned unsatisfied, asked: *First,* to have set aside a mortgage and bill of sale executed by the corporation, as alleged, in contemplation of insolvency and with intent to hinder and defraud creditors; *second,* to have set aside a judgment recovered, as alleged, collusively by one of the defendants against the corporation; *third,* to have enforced the liability of three of the defendants for their failure as directors to file an annual report; finally, it prayed for a sequestration of the property of the corporation and a division thereof among its creditors and also made a general demand for costs against all the defendants.

Upon the hearing upon demurrers interposed by several of the defendants, setting up a misjoinder of causes of action,

*Held,* that under the provisions of section 484 of the Code of Civil Procedure the first and second causes of action were properly joined in one complaint;

That the third cause of action could not be joined with the other two under the provisions of said section 484 alone, but that reading that section with section 1790 of the Code, providing that where an action is brought by a creditor of a corporation and the directors are made liable by law, in any event or contingency, for the payment of his debt the persons so made liable may be made parties defendant by the original or by a supplemental complaint, the joinder was proper;

That while the plaintiff sued alone and there might be other creditors of the corporation not entitled to enforce the liability of the directors for their failure to file an annual report, that difficulty was obviated by sections 1792 and 1793 of the Code of Civil Procedure providing for the distribution of the assets of a corporation among its creditors;

That the fact that a corporation and its directors permit a person, not a stockholder or director, to recover a judgment against the corporation, upon a claim to which so far as appears there was no defense, does not amount to an unlawful preference nor render the judgment voidable.

A demurrer which is too general in demurring to several causes of action where it should only have demurred to one of them must be overruled.

The fact that a corporation is practically dissolved does not relieve its directors from the statutory duty of filing an annual report.

APPEAL by the defendants, Edward P. Hollister, Langford S. Keating and Algar M. Wheeler, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 14th day of December, 1894, overruling their demurrers to the complaint, and also from an order dated September 3, 1894, upon which the said interlocutory judgment was entered.

*Irving W. Cole,* for the respondent.

*Wheeler & Norton,* for the appellant Edward P. Hollister.

*George P. Keating,* for the appellant Langford S. Keating.

*W. Algar Wheeler,* for the appellant Algar M. Wheeler.

WERNER, J.:

It cannot be doubted that the complaint contains in a single statement three separate causes of action, namely : *First,* to set aside a mortgage and bill of sale alleged to have been executed by the American Gear and Spring Company in contemplation of insolvency, and with intent to hinder, defraud and delay creditors.

*Second,* to set aside a judgment alleged to have been obtained collusively.

*Third,* to enforce the liability of three of the defendants for their failure as directors of said company to file an annual report in January, 1894.

The complaint prays also for a sequestration of the property of the gear and spring company and division among its creditors.

There are six defendants : The American Gear and Spring Company, the Third National Bank of Buffalo, Robert Keating, Langford S. Keating, Algar M. Wheeler and Edward P. Hollister. The complaint alleges the recovery of a judgment by the plaintiff's assignor against the gear and spring company, the issue of an execution thereon and its return unsatisfied, and, therefore, justifies the prayer for sequestration and furnishes the requisite basis for calling in question the validity of the transfer of property by the gear and spring company to the Third National Bank, of the judgment recovered by the defendant Robert Keating and the enforcement of the liability as directors of the defendants Langford S. Keating, Wheeler and Hollister. The first cause of action, aside

from that requiring the sequestration, to be spelled out of the complaint, is that the gear and spring company, in contemplation of its insolvency, and with intent to hinder, delay and defraud its creditors, transferred by mortgage and bill of sale substantially all of its property to the defendant the Third National Bank of Buffalo. The complaint alleges also that the transfer was made "upon the written request and authority" of the defendants Wheeler, Hollister and Langford S. Keating. The allegation last mentioned is the only one tending in any way to connect the defendants Wheeler, Hollister and Langford S. Keating with that fraudulent transfer, and there is nothing in the complaint tending to show that the defendant Robert Keating was in any way connected therewith.

From the second cause of action it appears that the gear and spring company, being insolvent, suffered the defendant Robert Keating to obtain a judgment against the company, and it is charged that the judgment was recovered by the collusion of said company and Langford S. Keating and the Third National Bank with Robert Keating. The complaint does not charge that the judgment is fraudulent or founded upon a fictitious indebtedness, and evidently proceeds upon the theory that the gear and spring company, being insolvent, was precluded from suffering a judgment to be recovered against it by the defendant Robert Keating, even upon a *bona fide* indebtedness.

The third cause of action is for the enforcement of the statutory liability of the defendants Langford S. Keating, Wheeler and Hollister, as directors of the gear and spring company, for their failure to file a report in the month of January, 1894, as required by statute, and the prayer based thereon is that said defendants be adjudged jointly and severally personally liable for all the debts of the gear and spring company, and that they may be required to pay any deficiency of assets necessary to satisfy the claims of creditors.

It is evident from what has been stated that the cause of action against the Third National Bank does not affect any of the other defendants, except the gear and spring company, unless the defendants Wheeler, Hollister and Langford S. Keating are proper parties defendant because they procured the transfer of the property to the bank, and this in no event affects the defendant Robert Keating.

It is equally evident that the second cause of action affects only the gear and spring company and the defendant Robert Keating, unless the allegation that the bank and Langford S. Keating colluded with the other defendants just named to permit the judgment to be obtained makes their joinder proper. So the third cause of action affects only the defendants Wheeler, Hollister and Langford S. Keating. The defendants Hollister, Wheeler and Langford S. Keating have separately demurred to the complaint upon the ground that causes of action are improperly joined therein. This appeal is taken from the judgment overruling the demurrers at Special Term.

It is provided by section 484 of the Code of Civil Procedure that various causes of action may be united as classified in that section, but with the restriction that " it must appear upon the face of the complaint that all the causes of action so united * * * affect all the parties to the action." The limitation which has been quoted is aimed against what was known in the chancery practice as multifariousness, and is but a restatement of one of the earliest rules of the Court of Chancery. (Story's Eq. Pl. [9th ed.] § 271.) The rule is designed not only to avoid the hardship of compelling a defendant to litigate a question in which he has no interest, but also to avoid confusion in the pleadings and in the decrees of the court.

In order to determine whether the demurrers should have been sustained the first inquiry is whether the allegations of the complaint, to the effect that the appellants procured and were concerned in the fraudulent transfer to the bank, and colluded with Robert Keating to permit his judgment to be obtained, state a cause of action against them with respect to those acts.

It appears from the complaint that the appellants, while not in possession of any of the assets of the gear and spring company, were instruments of the alleged illegal acts assailed by the plaintiff, and it follows, therefore, that they are proper parties so far as those causes of action are concerned. It has long been a rule of equity practice that one who participates in a fraudulent act, even though he be concerned only as agent, may be made a defendant in a bill to obtain relief from that act for the purpose of charging him with costs. (Story's Eq. Pl. [9th ed.] § 232; *Brady* v. *McCosker*, 1 Comst. 214.)

The complaint in this action contains a general prayer for costs which must be construed as applying to all the defendants, and insufficient, therefore, to avoid the objection that the appellants are not proper parties defendant to the first and second causes of action. It follows, therefore, that the complaint as to these defendants is not objectionable upon the ground that it unites causes of action which do not all affect the appellants. It is not necessary to discuss or decide here the question whether this objection might have been more successfully taken by some of the other defendants who did not demur.

It remains to be determined whether the complaint is demurrable on account of the joinder of the third cause of action with the other two. It has not been questioned by the counsel for the appellants that the first and second causes of action are of such a nature that they may be united in the same complaint, and no such objection could successfully be made.

The third cause of action, for the enforcement of the statutory liability of the appellants as directors of the gear and spring company, cannot properly be joined with the other two causes of action, consistently with any reasonable construction of section 484 of the Code of Civil Procedure.

By section 1790 of the Code it is, however, provided that " where the action is brought by a creditor of a corporation, and the stockholders, directors, trustees or other officers, or any of them, are made liable by law, *in any event or contingency,* for the payment of his debt, the persons so made liable may be made parties defendant by the original or by a supplemental complaint, and their liability may be declared and enforced by the judgment in the action." This section is one of the general provisions for the dissolution of a corporation and the enforcement of the individual liability of the officers and members thereof. By reading that section in connection with section 484 we are able to find a statutory rule for the joinder of causes of action in cases of this character, which is not provided by the provisions of the later section alone. Section 1790 is not a new enactment, but is substantially the provision contained in the original revision of the statutes (2 R. S. 464, § 43). This and similar provisions have always formed a part of the remedies provided by statute for the enforcement of the performance of corpo-

rate duties at the suit of the People, and for the collection of corporate debts at the suit of creditors.

It is true that the plaintiff sues for himself alone and not in behalf of other creditors, and that there may be creditors of the corporation who could not enforce the liability of the directors for failure to file the report. But the difficulty seems to be obviated by sections 1792 and 1793 of the Code of Civil Procedure, providing for a distribution of the assets of the corporation, and, as was held in *Pfohl* v. *Simpson* (74 N. Y. 137), the decree can provide for the distribution of such sums as the directors may be required to pay among such creditors as are in a situation to avail themselves of the liability imposed by the statute.

The question whether even in this view of the statute referred to the third cause of action is one which can properly be joined with the other two, is not free from doubt. In *Furnsworth* v. *Wood et al.* (91 N. Y. 308) it was held that a receiver of a corporation organized under the General Manufacturing Act (Chap. 40 of 1848), is not vested with the right of action given by that act to creditors of the corporation against the stockholders thereof. We are inclined to think, however, that the limitations of the act referred to distinguish that case from this one in particulars which need not here be discussed. We are inclined to the view that these causes of action can, under the statutes above referred to, be properly joined. But a different question is presented by the demurrers of the defendants Hollister and Wheeler, who have demurred, not only upon the ground of misjoinder, but have also made the objection that the complaint does not state facts sufficient to constitute a cause of action against them. The first cause of action is sufficient, as has been shown, and as to that the demurrers of the defendants Hollister and Wheeler are not well taken.

With respect to the second cause of action set forth in the complaint herein a demurrer might properly have been interposed upon the ground that the complaint as to the facts therein set forth does not state a cause of action. There is no allegation that the judgment obtained by Robert Keating is in fact fraudulent or based upon a fictitious indebtedness, and the complaint seems to proceed purely upon the theory that the judgment is voidable, because the gear and spring company and its directors permitted the judgment

to be taken collusively; that is, with the consent and connivance of the directors. It does not appear that the company had any defense to the action, and Robert Keating was neither a stockholder nor a director thereof. He was entitled, therefore, to obtain the judgment, and we do not think that the directors by merely suffering it to be taken gave an unlawful preference. ( *Varnum* v. *Hart*, 119 N. Y. 101; *French* v. *Andrews*, 145 id. 441.)

But the defendant Robert Keating has not demurred, and the defendants Hollister and Wheeler have made their demurrers unsustainable by demurring to the entire complaint instead of only to the second cause of action.

It is true that the plaintiff could not, by violating the rule of practice requiring different causes of action to be separately stated and numbered, deprive the defendants of the right to demur. ( *Wiles* v. *Suydam*, 64 N. Y. 173.) Defendants Hollister and Wheeler might properly have demurred to the second cause of action, but it is an established rule that a demurrer which is too general must be overruled. (Story's Eq. Pl. [9th ed.] § 445.)

If we are correct in the conclusion that under existing statutes the third cause of action is properly joined with the other two, the contention of counsel for the appellants, that the complaint shows that prior to January, 1894, the gear and spring company was practically dissolved, and, therefore, it was not necessary for the directors to file a report in January, 1894, cannot be sustained. It is settled that under such conditions as are alleged in the complaint the directors of a corporation are not relieved from the obligation to file an annual report. ( *Brown* v. *Clark*, 81 Hun, 267; *Bruce* v. *Platt*, 80 N. Y. 379.)

Our conclusion, therefore, is that all the demurrers were properly overruled, and that the judgment appealed from should be affirmed, with costs, with leave to defendants to answer within twenty days after entry of this judgment upon payment of the costs of the demurrer and of this appeal.

WARD, J., concurred; BRADLEY, J., concurred in result; LEWIS, J., not sitting.

Interlocutory judgment affirmed, with costs, with leave to the defendants to answer within twenty days on payment of the costs of the demurrer and of this appeal.