(61 App. Div. 26.)

BAGLEY & SEWALL CO. et al. v. LENNIG et al.

(Supreme Court, Appellate Division, Fourth Department. April 30, 1901.)

1. CORPORATIONS—ACTION FOR DISSOLUTION—PLEADING—JOINDER.

Code, §§ 1784–1796, giving an action for the dissolution of a corporation and to enforce the individual liability of members, authorizes an action for the sequestration of the corporation's property, and declares that, where the trustees are made liable by law for its debts, they may be made parties defendant and their liability be "declared and enforced by judgment in the action." A separate action against them is authorized if they are not made defendants in the action against the corporation. An accounting may be had in either action to determine "each defendant's liability." *Held*, that an action against a corporation by a judgment creditor seeking a sequestration of its property, and also to have set aside as fraudulent certain judgments in favor of the trustees, and likewise a certain trust deed, and, in addition, seeking a personal judgment against the trustees for their failure to fulfill certain statutory duties, was not an improper joinder of causes of action.

2. SAME—SIGNING FALSE REPORT—LIABILITY.

Laws 1848, c. 40, § 15, declares that officers of a corporation who sign a false report shall be liable for all debts of the corporation contracted while they are stockholders or officers. Laws 1892, c. 688, provides that there shall be no liability unless the creditor sustains damage by relying on the false report. *Held*, that there could be no liability for debts contracted before the report was made, though made while the officers signing it were stockholders.

3. SAME—PLEADING.

A creditor of a corporation alleged that the corporation "incurred an indebtedness before May 1st of upwards of $250,000, * * * a part for which plaintiff's judgment was recovered," and averred also that on May 2d a false report was filed, signed by certain trustees, who were made defendants, and who were liable under Laws 1848, c. 40, declaring that officers of a corporation signing such report shall be liable for debts incurred while they are officers or stockholders. *Held* that, though this allegation showed that part of plaintiff's debt was incurred before the false report was made, there being a further allegation that "the indebtedness for which plaintiff's judgments were recovered was incurred while defendants were officers," a cause of action was stated; as under this allegation proof was admissible to show that a part of the debt was incurred after the report was signed.

Appeal from special term, Lewis county.

Bill by the Bagley & Sewall Company and others against the Fonda Lake & Port Leyden Paper Company and John B. Lennig and others. Defendant John B. Lennig demurred to the complaint on the ground that several causes of action were improperly joined, and that the fifth cause of action, as set forth in the complaint, did not state a cause of action. From a judgment overruling the demurrer, he appeals. Affirmed.

This is an action in equity originally commenced by the plaintiff the Bagley & Sewall Company, a domestic corporation, and a judgment creditor of the defendant Fonda Lake & Port Leyden Paper Company, another domestic corporation. The action was commenced on behalf of the plaintiff, and also of all other creditors of the defendant who desired to participate therein, and many others have availed themselves of the privilege. The demurrer on behalf of the defendant John B. Lennig was based on two grounds: First, that several causes of action were improperly united; and, second, that the fifth cause of action set forth in the complaint does not state facts sufficient to constitute a cause of action. John B. Lennig alone appealed from the interlocutory judgment overruling the demurrer.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

Henry Purcell, for appellant.
John N. Carlisle, for respondents.

SPRING, J. The scheme of the complaint is primarily to secure a judgment sequestrating the property of the defendant corporation, and its devotion to the payment of the debts of the corporation, and incidentally to establish the personal liability of the defendant shareholders by reason of certain delinquencies and misconduct on their part, which are in detail enumerated in the various paragraphs of the complaint. The complaint shows the entry of the judgments, and the issuance of the executions thereon, and their return wholly unsatisfied. The first cause of action is that the Lennigs, who were stockholders of the paper company, recovered judgments for large sums against it, and its personal property was sold on execution, and ap-

propriated by the plaintiffs in the judgments; that said judgment plaintiffs were then trustees of said corporation, which was insolvent; and said judgments were fraudulently obtained to acquire a preference over other creditors, and with the connivance of the other trustees; that said company, through its trustees, executed a mortgage or trust deed to the State Trust Company purporting to be security for 200 bonds of $500 each; that they were issued without consideration, and delivered to said trustees, who now hold them; that said mortgage or deed covers all of the real estate of said company, and was recorded January 2, 1891, and is an apparent incumbrance on said premises, and this transaction is attacked on the ground that it is fraudulent and void. In the second cause of action the formation of the company on February 18, 1891, under the manufacturers' act (chapter 40, Laws 1848), with a capital stock of $100,000, is alleged, with the names of the owners of the capital stock, and their respective shares; that the whole of the capital stock was never paid in; that no certificate to that effect has ever been filed as required by law; and that, in consequence of this omission, each defendant is severally liable to the amount of the par value of the stock held by him. In the third count or paragraph it is alleged that each of said defending shareholders agreed to pay into said company the face value of the stock subscribed for by him, which he has wholly omitted to do. In the fourth paragraph, that the trustees of said company assented to the incurring of an indebtedness against said company before May 1, 1891, of more than $250,000, of which the indebtedness due the plaintiff forms a part. For the fifth cause of action, that certain of the said defendants, who were the president and trustees, executed their certificate under date of May 2, 1891, to the effect that the entire capital stock of $100,000 was all paid in, which certificate was verified by the defendant Nicholas Lennig, president, and John B. Lennig, trustee, October 5, 1891, and by the other trustees October 5, 1891, and the same was filed in the county clerk's office of Lewis county on the next day. The complaint charges that this certificate was false to the knowledge of the persons making it, and that, consequently, the said trustees are personally liable on account thereof.

We have, therefore, grouped together in one action facts which, if true, would authorize the setting aside of the said judgments and the mortgage or trust deed, and the appropriation of the corporate property to the payment of its debts. In addition to that, and by virtue of the failure of the trustees to fulfill the obligations imposed upon them by the statute in the particulars described, a personal judgment is sought against them. Irrespective of any code provision or express authority, it would seem that all the relief desired is entirely proper and consistent. The personal liability is ancillary to the judgment for the sequestration of the property, and it flows from offenses arising out of the management of the trusteeship. The statute prescribes the requirements for the trustees, and the liability ensues because of the omission to meet them, and the creditor injured ought not to be compelled to resort to one action in the endeavor to reach the property of the corporation, to another to obtain judgment against the trustees for failure to pay for the stock subscribed for by them,

and still another to make them personally liable because they made and caused to be filed a false certificate of the payment of the capital stock. It is contended that the liability arising from the failure to file the certificate is in the nature of a statutory punishment. The obligation is that the trustee is made liable to pay the debts for this omission, and, however characterized, it is misconduct in the affairs of the corporation, for which a personal liability is permitted. The Code provides a scheme by action for the dissolution of a corporation, and "to enforce the individual liability of the officers or members" thereof. Sections 1784–1796. Section 1784 authorizes the action for the judgment of sequestration against the property of the corporation. Section 1790 provides that, where the trustees, etc., "are made liable by law, in any event or contingency, for the payment" of the debt of the creditor, "the persons so made liable may be made parties defendant," and their liability may be "declared and enforced by the judgment in the action." Section 1791 authorizes a separate action against these stockholders or officers in case they are not made parties to the action against the corporation. Section 1792 provides for an account to be taken in either of the foregoing actions, and in the ascertainment and determination "of each defendant's liability." These provisions make it clear that the stockholders and trustees can be made parties defendant in the original action of sequestration if a personal liability is claimed to exist against them. This construction is sustained by authority. Cummings v. Spring Co., 87 Hun, 598, 34 N. Y. Supp. 541; Proctor v. Furniture Co., 8 App. Div. 42, 40 N. Y. Supp. 454; In re Murray Hill Bank, 153 N. Y. 199, 210, 47 N. E. 293; Beals v. Construction Co., 49 App. Div. 589, 592, 63 N. Y. Supp. 635.

It is contended with much plausibility that no cause of action is set out in the fifth paragraph of the complaint; that the alleged false certificate was executed May 2, 1891, and verified and filed in October of that year, which was subsequent to the indebtedness of the plaintiffs. The plaintiffs aver that the defendant corporation "incurred an indebtedness before May 1, 1891, of upwards of $250,000, to which indebtedness each of said trustees assented; that a part of said indebtedness was that for which the plaintiffs' judgments herein were recovered." If this is correct, then no faith could have been given to this false report by the plaintiffs, and no liability would arise because of its falsity. Torbett v. Godwin, 62 Hun, 407, 17 N. Y. Supp. 46; Young v. Godwin (Com. Pl.) 19 N. Y. Supp. 656. The counsel for the plaintiffs urges that he is strictly within the language of the statute. Section 15, c. 40, Laws 1848, is as follows:

"If any certificate or report made, or public notice given by the officers of any such company, in pursuance of the provisions of this action, shall be false in any material representation, all the officers who shall have signed the same knowing it to be false shall be jointly and severally liable for all the debts of the company contracted while they are stockholders or officers thereof."

This section was repealed by chapter 564 of the Laws of 1890, which took effect May 1, 1891, and which is part of the stock corporation law. That contains substantially the same provisions as

above cited. This act was amended by chapter 688 of the Laws of 1892, and which provides that there shall be no liability for a false report unless the creditors sustain damages relying upon the credit thereof. While the plaintiffs bring themselves within the strict language of the act of 1848, as the parties making the certificate were stockholders and officers at the time this debt of the plaintiffs was incurred, yet that retroactive scope cannot be given to the act. The object of making and filing a certificate or report is to give notice to those dealing with or giving credit to the corporation. If such persons are deceived, or may be deceived, by the false report, a liability attaches for the offense of the officers in making and filing it. If, however, the debt was incurred before the misconduct of the officers, then no damage accrued to the creditor by reason of the vicious conduct in making the false report. No reliance, therefore, could have been placed upon it, and no liability would inure to such a creditor. But the complaint further says:

"That by force of the statute under which said Fonda Lake & Port Leyden Paper Company was incorporated all of the said trustees signing such false certificate became jointly and severally liable for all the debts of the said company contracted while they were stockholders or officers thereof, and the indebtedness for which plaintiffs' judgments were received was incurred while said defendants were trustees and stockholders."

Under this general allegation proof is permissible that the indebtedness of the plaintiffs, or some of them, was incurred subsequent to the making of this alleged false certificate. That being so, the cause of action is not demurrable, and, if plaintiffs can give proof that the debt accrued subsequent to the filing of the report, then they bring themselves within the provisions of the statute. If, however, the debt was incurred prior to that time, the defendant can fully protect himself by objection and exception, if necessary. It is not within the province of the court on demurrer to hamper or restrict the plaintiff in his proof, if, within the four corners of his pleading, it can be given at all. The interlocutory judgment should be affirmed, with costs and disbursements to the respondents, with leave to withdraw demurrer and answer on payment of costs.

So ordered. All concur.