---

## ALBIE v. JONES.

### Opinion delivered March 25, 1907.

1. JUDGMENT—CONCLUSIVENESS.—One who is not party or privy to proceedings in a court is not bound by its adjudication. (Page 419.)

2. CONSTABLE—JUSTIFICATION UNDER PROCESS.—A constable and his sureties can not justify under writs of attachment against a third person a seizure of property belonging to plaintiffs and in their possession, even though the writs were fair and regular on their face. (Page 420.)

3. JUDGMENT OF INFERIOR COURT—PRESUMPTION—IMPEACHMENT.—The record of the judgment of a justice of the peace is only *prima facie* evidence of its recitals, and can be impeached by competent evidence. (Page 420.)

4. ATTACHMENT—VALIDITY OF SALE.—Where the original seizure of property in plaintiffs' possession was unauthorized because plaintiffs were not parties to the proceeding, the subsequent sale of the property under order of the court could be justified only by showing that plaintiffs' rights were adjudicated by the court before ordering the sale. (Page 420.)

5. JUDGMENT—JURISDICTION OF PERSON.—A judgment of a justice of the peace which recites service upon a non-resident defendant by publication of a warning order *prima facie* shows jurisdiction of defendant's person. (Page 421.)

6. ATTACHMENT SALE—EVIDENCE.—In a suit against a constable and sureties to recover damages for unlawfully selling plaintiffs' property under process against a third person, it is not admissible to prove that in a suit brought after the sale by plaintiffs against a third person, to which defendant was not a party, it was adjudged that the judgment upon which such process was based was void, as defendant was not to be concluded by a suit to which he was not a party. (Page 421.)

7. CONSTABLE—LIMIT OF LIABILITY ON BOND.—The sureties on a constable's bond can not be held liable for a greater amount than that specified in the bond; and, after recovery has been made against

them for the full amount of the bond, they may defend themselves at law on that ground against all pending or future suits. (Page 422.)

8. ACTIONS—JOINDER.—A separate liability of a constable can not be joined in an action on his bond against him and his sureties. (Page 423.)

Appeal from Calhoun Circuit Court; *Charles W. Smith,* Judge; reversed.

*Campbell & Stevenson* and *Gaughan & Sifford,* for appellants.

1. The attachment was void for lack of jurisdiction. Where the defendant is a foreign corporation having an agent in this State, there is no excuse for a warning order. Kirby's Dig. § 6055. Graham having been regularly appointed agent for process, service upon Cook was a nullity. Kirby's Dig. § § 6018, 825, 834; 69 Ark. 396; 64 S. W. 225. On the point that an officer executing void process is liable in trespass, see 36 Ark. 268; 58 Ark. 181; 8 Ark. 406. It appearing by the evidence that the title to the lumber was in appellants, the constable was a trespasser. 15 Ark. 459; 57 Ark. 189; 67 Ark. 386. The fifth instruction is abstract and misleading, and is further erroneous in assuming without evidence to support it that Cook was "in possession of the company's property, as its agent or representative."

2. The decree of the chancery court and the mandate of the Supreme Court affirming it were material and competent, and the court erred in excluding them when offered in evidence. Judgments and decrees are receivable in evidence, even against strangers, to prove their rendition and terms. 23 Cyc. 1532; 1 Greenleaf, Ev. § 538; 8 Ark. 380; 22 Ark. 10; 22 Ark. 103; 71 Cal. 30; 5 Ia. 308; 1 Mart (La.) N. S. 442; 9 Ala. 973; 23 Ky. (7 T. B. Mon.) 203; 116 Mo. 656.

3. The second instruction was erroneous. The record of a justice of the peace is *prima facie* evidence of proceedings before him, but is not conclusive. It may be contradicted by competent evidence.

4. The court erred in limiting the recovery to the amount of the penalty named in the bond, (1) because recovery is sought against Jones personally as well as against his sureties, and (2) because the bond was a joint and several obligation and the

signers are severally liable for the full amount thereof. Kirby's Dig. § 4420.

*J. B. Moore* and *Bunn & Patterson,* for appellees.

1. The record of a justice of the peace may not import a verity as would·that of a superior court of record, but it is regarded as true until overturned by competent evidence to the contrary; and until his judgment is reversed or modified, it is a protection to an officer serving process thereunder which is regular on its face.

2. There is no error in the fifth instruction. It is in evidence that Graham, the agent originally designated upon whom to serve process, was at the time beyond the reach of the process of the justice court; and service upon Cook, who was the agent in charge of the company's property at Norphlet, was proper. 69 Ark. 396.

3. The limitation of the recovery to the amount of penalty expressed in the bond was proper. 65 Ark. 415; Kirby's Dig. ch. 120; 55 Ark. 415.

McCulloch, J. The plaintiffs, E. W. Albie and C. M. Cook, the beneficiary and trustee, respectively, in a trust deed executed by the Erwin & Wood Company conveying a lot of lumber as security for a debt to Albie in the sum of $9,500, instituted this action against the defendants, T. T. Jones, constable, and B. W. Reeves and Berry Murphy, the sureties on his official bond, to recover the value of said lumber which is alleged to have been wrongfully seized and sold by said officer under writs of attachment against the property of Erwin & Wood Company.

The defendants pleaded in justification that the property was seized by the constable as the property of Erwin & Wood Company under orders of general attachment regularly issued by a justice of the peace in certain causes instituted before him against Erwin & Wood Company by its creditors, and that the property was sold by the officer pursuant to judgments and orders of sale rendered by the justice of the peace in said causes. The defendants in their answer denied that plaintiffs were the owners or in possession of the lumber when the same was seized under the writs of attachment; and they also alleged that the plaintiffs filed in said action before the justice of the peace their inter-

pleas claiming said lumber, and on the trial thereof their claim to the lumber was adjudged against them in each action, and that the court adjudged the lumber to be the property of Erwin & Wood Company, sustained the attachments, and ordered the lumber sold.

The case was tried below before a jury, verdict was returned in favor of the defendants, judgment was entered accordingly, and the plaintiffs appealed.

The facts established by undisputed evidence are as follows: On February 28, 1896, and for some time prior thereto, the Erwin & Wood Company, a foreign corporation organized under the laws of the State of Iowa, was doing a sawmill business at Norphlet, Union County, Arkansas. Being indebted to E. W. Albie on that date in the sum of $9500, the company executed to him its two promissory notes for $4500 and $5000, due, respectively, May 1, 1896, and April 1, 1896. To secure same, the company further executed a mortgage or deed of trust conveying to one Graham, as trustee, certain property, amongst which was the lumber the value whereof is in controversy here. The deed of trust is in the usual form, and gives the trustee power to take immediate possession of the property on default, and was filed for record March 10, 1896. Afterwards, on default, Graham, the trustee in said deed of trust, took possession of the property conveyed therein. Afterwards, Graham refusing to act further as trustee, C. M. Cook was appointed in his stead, and as such trustee took possession of said property, among which was a large lot of lumber at Norphlet.

While said lumber was thus in the hands of Cook, as trustee, Wolf & Brother and a number of other creditors of the Erwin & Wood Company brought separate suits before a justice of the peace of El Dorado Township, Union County. Writs of attachment were issued in each of these suits and placed in the hands of defendant Jones as constable, and by him levied upon the lumber described in the deed of trust and in the hands of Cook as trustee thereunder.

In the suit of Wolf & Brother, Albie, as beneficiary in the deed of trust, and Cook, as trustee, filed an interplea, claiming the lumber, levied on by the constable, under the deed of trust above mentioned.

The interpleas was tried on July 10, 1896, and judgment rendered against the interveners. Erwin & Wood Company did not appear in the suit, and judgment for the debt was rendered against them on the same day, the attachment sustained, and the lumber attached was ordered sold by the constable. Interveners, on the day of the judgment, filed their affidavit for appeal, obtained transcript, and filed same in circuit court.

In August, 1896, the justice of the peace issued to the constable orders of sale in regular form in all of the cases, and pursuant to such orders the constable sold all of the lumber levied upon under the several writs of attachment.

The present actions were instituted to recover the value of lumber seized and sold in the cases other than that of Wolf & Bro. v. Erwin & Wood Company the lumber levied on and sold in that case is not included in this controversy. The two actions instituted by appellants were consolidated and tried together by consent of parties, the trial resulting in a verdict and judgment for the defendants as already stated.

The defendants introduced in evidence the docket of the justice of the peace showing judgments in each of the cases against Erwin & Wood Company in the same regular form as in the Wolf & Bro. case, that is to say, that Albie and Cook filed interpleas for the lumber, that upon trial thereof the issues were adjudged against them, and that judgments in due form were rendered in favor of the several plaintiffs therein against Erwin & Wood Company, the attachment sustained, and the lumber ordered sold, and that the interveners prayed an appeal to the circuit court.

The plaintiffs disputed the correctness of the record made by the justice of the peace and introduced proof of their contention. They introduced several witnesses, among them one of the attorneys who represented the plaintiffs throughout the litigation, who testified that the record of the justice was false, that Albie and Wood had never filed an intervention in any of the cases pending before the justice except in the Wolf & Bro. case, and that their claim to the lumber in controversy had never in any manner been adjudicated in the cases before the justice of the peace.

Mr. Smead, the attorney who testified in the case, said that

he represented Albie and Cook in the case of Wolf & Bro. v.
Erwin & Wood Company, and filed the intervention for Albie
and Cook in that case, and that no intervention was filed in the
other cases. He stated that, after the adverse decision of the
justice upon the intervention in the Wolf case, he filed an affidavit
for appeal, and that thereupon, by agreement between him and
the attorneys for the plaintiffs in the other cases, those cases
against Erwin & Wood Company were continued to wait the dis-
position of the Wolf case, and that an entry was made by the
justice on his docket in each of the cases as follows: "The above
case was continued without prejudice to wait the decision of
the case of Wolf Bros. against Erwin & Wood Company in the
Union Circuit Court." These entries were erased, as the evi-
dence shows, after appellants and their attorneys had left the
place where the justice was holding court and after the justice
had adjourned his court; and the judgments were afterwards
spread upon the docket by the justice without the knowledge of
appellants or their attorneys, and they received no information
thereof before the constable sold the lumber. The attorney tes-
tified that, but for said agreement and the said entries showing
continuance of the cases, he would have filed interventions for
Albie and Cook in each of the cases.

Now, if the testimony of this and the other witnesses is
true, the alleged judgments as recorded on the docket of the
justice are void. It is an elementary rule that a person who
is not party or privy to proceedings in court is not bound by
its adjudication. According to the testimony, the property of
appellants was seized and sold under orders of attachment against
another person. If they did not make themselves parties to the
actions against Erwin & Wood Company and assert their claim
to the lumber, they are not barred from asserting it in a suit
against the constable and the sureties on his bond. They were
not parties to the action originally, and the only way for them to
become such was to appear in the action as interveners for the
property. If they did not do so, then they are not barred from
suing the constable for the trespass committed in taking their
property under process against another person.

The court gave the following instruction over the objection
of appellants:

"5. The jury are instructed that if they believe from the evidence that the defendant Jones took possession of the lumber included in the deed of trust from the Erwin & Wood Company to Graham, as trustee, with Albie as beneficiary, dated in 1896, under writs of attachment issued in divers suits of creditors of said Erwin & Wood Company; and if they further believe from the evidence that, at the time of levying said attachments, said Graham had left the county of Union, and that Cook, one of the plaintiffs, was in possession of all the property belonging to the said Erwin & Wood Company, and that he was at the time trustee in said deed of trust, and that said company had no agent in Union County designated by it upon whom service of process might be had, and that said Jones, as constable, served the summons issued in said suits upon said Cook, while he was in possession of all of said company's property in Union County as its representative or agent, they will find for the defendants."

This instruction was erroneous, and was prejudicial to appellants because it left out of consideration altogether the validity of the judgments as they appear recorded on the docket of the justice of the peace, and made the liability of the defendants depend entirely upon the validity of the service of summons in the cases on Cook as agent of Erwin & Wood Company. Under this instruction, appellants were precluded from showing they were the owners and in possession of the property; and that they had not intervened in the actions pending before the justice of the peace.

The defendants could not justify under writs of attachment against Erwin & Wood Company a seizure of property belonging to plaintiffs and in their possession, even though the writs were fair and regular on their face. *Meadow* v. *Wise,* 41 Ark. 285; *Townsly-Myrick Dry Goods Co.* v. *Fuller,* 58 Ark. 181; 1 Freeman on Executions, § 101; Drake on Attachments, § 185a; Mechem on Public Officers, § § 782, 783.

The record of the judgment of a justice of the peace is only *prima facie* evidence of its recitals, and can be impeached by competent evidence. *Townsly-Myrick Dry Goods Co.* v. *Fuller, supra; Jones* v. *Terry,* 43 Ark. 230; 2 Freeman on Judgments, § 517.

The original seizure of the property of appellants being

unauthorized and wrongful, the subsequent sale under orders of the justice could be justified only by showing that appellants' rights were adjudicated by the justice before ordering the sale. If appellants' witnesses are to be believed, the judgment entry of the justice of the peace is a pure fiction, without any foundation of fact to rest upon. If the record is to be taken as conclusive, then appellants are without remedy, as they did not, in fact, interplead for the property, and have had no day in court. The rule announced by this court in *Townsly-Myrick Dry Goods Co.* v. *Fuller, supra,* settled the question in favor of appellant's right in this case to impeach the record of the justice so as to controvert the justification of the constable under the order of sale. The trial court permitted proof to that effect, but the instruction just quoted, in effect, ignored that proof, and directed a verdict notwithstanding the jury might have found it to be true.

Counsel for appellants also insist that the judgments against Erwin & Wood Company were void, and afforded no justification to the constable, because the service of summons on Cook as agent was insufficient to give jurisdiction. The judgments, however, recite service of publication of warning order, and this was sufficient to authorize a judgment sustaining the attachment and ordering a sale of the property.

Appellants introduced in evidence the record of a suit in chancery and the decree therein, instituted against Erwin & Wood Company and these appellants by all the plaintiffs in the attachment cases, for the purpose of declaring to be fraudulent and void the deed of trust executed by Erwin & Wood Company to appellants. The decree in that case was favorable to appellants, adjudging the deed of trust to be valid as against the creditors of Erwin & Wood Company, and also adjudging the judgments of the justice of the peace in said cases to be void. The court excluded that record, and the ruling is assigned as error. We do not think the record in that case was competent evidence in this case, in the present state of the proof. The question in this case was confined to the officer's justification in selling appellants' property, and that question was to be determined according to the facts existing at the time of the seizure and sale. Any disposition of the case after that time would not affect his rights and those of the sureties on his bond, as they were not parties to the suit in chancery.

The plaintiffs instituted two actions for the alleged trespasses, and they were by consent consolidated for convenience of the trial. They were separate actions, nevertheless, and the consolidation did not alter in anywise the liability of the defendants. One of the actions is for the value of 194,000 feet of lumber alleged to have been wrongfully seized and sold in the several actions of Goddard-Peck Grocery Company, Goodbar & Company, James H. Houston Grocer Company and Sterborg & Sons against Erwin & Wood Company, the damages being laid in that case at the sum of $1,550. The other action is for the value of 150,000 feet of lumber alleged to have been wrongfully seized and sold in the several actions of James Marsh, Fred Kramer, C. F. Penzel Grocer Company, Beal & Doyle Dry Goods Company, and B. G. Woods against Erwin & Wood Company, the damages being laid at the sum of $1,250. The court sustained a demurrer to the complaints as to the amount of damages claimed in excess of $1,000, the amount of the bond sued on, and struck out the claim for the excess, and plaintiffs excepted. A majority of the judges here are of the opinion that no error was committed by the trial court in deciding that the limit to plaintiffs' right of recovery was $1,000, the amount of the penalty of the bond. This view of the liability of the sureties is thought to be sustained by the following authorities: 25 Am. & Eng. Enc. Law, p. 726; *Marcy* v. *Praeger,* 34 La. Ann. 54; *Bothwell* v. *Sheffield,* 8 Ga. 569.

The Encyclopedia, citing the above cases in support, states the law to be as follows:

"The sureties on the sheriff's bond cannot be held liable for a greater amount than that specified in the bond, and, after recovery has been had against them to the full amount of the bond, they may defend themselves at law on that ground against all pending or future suits." 25 Am & Eng. Enc. of L. 726.

My individual views are different from those expressed above for the majority. Each of the cases involves separate and distinct wrongful acts of the constable which constituted separate breaches of the bond, and the sureties should be held liable, it seems to me, to the extent of the amount of the bond for all damages resulting from each separate act constituting a breach of the bond, while it remained in force. The bond of a sheriff

or constable is a continuing liability extending over the entire term of the officer, unless sooner ended by the execution of a new bond, and it constitutes an undertaking to answer in damages not exceeding the amount of the bond for each separate breach thereof. The accrual of liability to the extent of the amount named in the bond does not operate as a discharge of the sureties from further liability for additional breaches of the bond while it remains in force. Of course, the sureties could not be held liable for a sum in excess of the amount of the bond for a single breach thereof.

The constable is personally liable for the full amount of the damages, regardless of the amount of the bond, but the excess cannot be recovered in these actions, as they are instituted upon the bond, and a separate liability of the principal can not be joined in the action on the bond against the sureties. Kirby's Digest, § 6079.

For the error indicated the judgment is reversed, and the cause remanded for a new trial.