COUNTY OF SILVER BOW, APPELLANT, *v.* KELLY ET AL., RESPONDENTS.

(No. 5,190.)

(Submitted May 24, 1923.   Decided July 9, 1923.)

[216 Pac. 1106.]

*Pleading and Practice—Official Bonds—Assessors—Failure to Assess Property — Principal and Surety — Misjoinder of Causes of Action—Judgment on Merits—When Improper.*

Misjoinder of Causes of Action—Principal and Surety—Personal Liability of Principal—Assessors—Failure to Assess Property.
   1.   Under section 9130, Revised Codes of 1921, and the rule that a separate liability of the principal cannot be joined in an action on the bond against the surety, *held* that an action by a county against its assessor to recover from him money lost to it by reason of his willful failure and neglect to assess property, was improperly joined with an action against a surety company on the official bond of that officer.

Judgment on Merits—When Improper—Harmless Error.
   2.   It is only when a judgment determines the merits of the controversy, as distinguished from the merits of the pleading attacked, that it may be said to be upon the merits, and hence where a complaint was attacked on the ground that there was a misjoinder of causes of action and the demurrer sustained, judgment of dismissal should have been entered and entry of judgment on the merits was error, but harmless where plaintiff was not precluded thereby from immediately commencing separate actions against the defendants improperly joined.

*Appeal from District Court, Silver Bow County; Wm. E. Carroll, Judge.*

ACTION by County of Silver Bow against Peter Kelly, Assessor, and the United States Fidelity & Guaranty Company. Judgment for defendants and plaintiff appeals. Affirmed.

*Mr. George Bourquin, Mr. Ed. Fitzpatrick* and *Mr. H. A. Tyvand,* for Appellant, submitted a brief; *Mr. Fitzpatrick* argued the cause orally.

*Messrs. Kremer, Sanders & Kremer,* for Respondents, submitted a brief; *Mr. Louis P. Sanders* argued the cause orally.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

This is an action brought by the county of Silver Bow against Peter J. Kelly as assessor of that county, and the defendant corporation as surety on his official bond.

Plaintiff's complaint contains allegations to the effect that [1] because of the willful failure and neglect of the assessor to assess property belonging to individuals and corporations, properly assessable in Silver Bow county, for the year 1920, there was lost to the county, School District No. 1, and the state of Montana, the sum of $1,412,678. A copy of Kelly's official bond is annexed to the complaint. The penal sum of the bond is $25,000. Plaintiff attempted to allege a cause of action against the assessor for the sum of $1,412,678, and against the surety company for the sum of $25,000, and prayed judgment accordingly. The defendants severally demurred to the complaint, both generally and specially; among other grounds of demurrer it was alleged that a misjoinder of actions appears. The court sustained the demurrers and ordered judgment for defendants on the merits. From this judgment the county has appealed.

The action of the court in sustaining the demurrers was correct.

There is a misjoinder of causes of action. Section 9130, Revised Codes of 1921, provides: "The plaintiff may unite several causes of action, legal or equitable, or both, in the same complaint, where they all arise out of: 1. Contracts, express or implied; 2. Claims to recover specific real property, with or without damages for the withholding thereof, or for waste committed thereon, and the rents and profits of the same, and for an injunction to stay waste or injury thereto; 3. Claims to recover specific personal property, with or without damages for the withholding thereof; 4. Claims against a trustee by virtue of a contract, or by operation of law; 5. Injuries to character; 6. Injuries to person; 7. Injuries to property. The causes of action so united must all appear on the face of the complaint to belong to one only of these classes and must affect all the parties to the action, and not require different places of trial, and must be separately stated and numbered; but an action for malicious arrest and prosecution, or either of them, may be united with an action for either an injury to character or to the person."

Manifestly this section does not authorize the joining of such causes of action as the plaintiff has attempted to state in the complaint before us. That the statutory rule has a substantial basis is well illustrated by the conditions in the present case. Here the surety company is liable for $25,000 only upon the bond; according to the complaint the assessor is liable for over $1,400,000 because of his willful failure and neglect to assess different individuals and corporations, the particulars of which are set forth in the complaint. In order to defend itself in the action it would be incumbent upon the surety company to defend against each and all of the acts of malfeasance and nonfeasance alleged against the assessor. The surety company is not interested in any liability of the assessor beyond the amount of its official bond. A separate liability of the principal cannot be joined in an action on the

bond against the sureties. (*State* v. *Kruttschnitt,* 4 Nev. 178; *Albie* v. *Jones,* 82 Ark. 414, 12 Ann. Cas. 433, 102 S. W. 222; *Pittsburg etc. R. R. Co.* v. *Wakefield Hardware* Co., 135 N. C. 73, 47 S. E. 234; and see Bliss on Code Pleading, 3d ed., sec. 123; 23 Cyc. 428; *Cummings* v. *American Gear & Spring Co.,* 87 Hun, 598, 34 N. Y. Supp. 541.)

The foregoing must not be confused with the action upon the assessor's bond which is contemplated in section 2039, Revised Codes of 1921, which reads as follows: "The assessor and his sureties are liable on his official bond for all taxes on property within the county which, through his willful failure or neglect, is unassessed." Under this section and the one succeeding, it is the duty of the county attorney to commence an action on the assessor's bond for the amount of taxes lost from such willful failure or neglect. As the action is upon the official bond, the fact that tortious acts of the assessor are involved does not militate against the rule above stated; not only is the action provided by the statute but it affects the principal and surety alike.

Plaintiff contends that the court should have entered a [2] judgment simply dismissing the action, instead of upon the merits. Properly, a judgment of dismissal should have been entered. It is only when a judgment determines the merits of the controversy as distinguished from the merits of the pleading attacked that it may be said to be upon the merits. (*Glass* v. *Basin & Bay State Min. Co.,* 35 Mont. 567, 90 Pac. 753.) But plaintiff is not injured on this score. The entry of the judgment did not preclude the county attorney from immediately commencing an action against the defendants upon the bond, nor one against the assessor upon his personal liability.

The judgment is affirmed.

*Affirmed.*

Associate Justices Cooper, Holloway, Galen and Stark concur.

Rehearing denied September 15, 1923.