RAILROAD CO. v. HARDWARE CO.

(Filed April 19, 1904).

1. ACTIONS—*Misjoinder—Attachment—Bonds—The Code, sec. 267.*

   It is a misjoinder of causes of action to unite in one suit a cause
      of action for wrongful attachment and one against the surety
      for a breach of the attachment bond.

2. PARTIES—*Misjoinder—Attachment—Bonds.*

   It is a misjoinder of parties to bring a suit for damages against
      a person suing out an attachment and the surety on the
      attachment bond.

3. JURISDICTION—*Superior Courts—Attachment.*

   An action against a surety on an attachment bond in the penal
      sum of $200, being *ex contractu*, must be brought before a
      justice of the peace.

4. ACTIONS—*Misjoinder—Dismissal—Parties—The Code, sec. 272.*

   Where two causes of action are improperly joined, but one of them
      because of the amount involved is not within the jurisdiction
      of the court, it is dismissable as to the one over which the
      court has no jurisdiction.

ACTION by the Pittsburg, Johnstown, Ebenburg and East-
ern Railroad Company against the Wakefield Hardware
Company, heard by *Judge O. H. Allen,* at September Term,
1903, of the Superior Court of GUILFORD County.    From
a judgment for the plaintiff the defendant appealed.

No counsel for the plaintiff.         •
*Scales, Taylor & Scales* and *R. D. Douglas,* for the defend-
ant.

WALKER, J.    This action was brought to recover damages
for wrongfully suing out an attachment and was tried below

on a demurrer to the complaint. The plaintiff alleges substantially that the plaintiff, the defendant Hardware Company and the North Carolina Coal and Coke Company are corporations, and that the Coal and Coke Company being indebted to the Hardware Company for goods sold and delivered, the latter brought an action for the recovery of the debt against the railroad company and the Coal and Coke Company, and caused a warrant of attachment to be issued which, in February, 1901, was levied on ten cars, then at the mine of the Coal and Coke Company, and that said cars were seized and held until April, 1903. That at the time the warrant was issued the Hardware Company gave a bond in the sum of $200 with the usual condition, upon which the defendant A. W. Vickory is surety, and that said attachment suit was dismissed as to the plaintiff with costs, and judgment rendered against the Coal and Coke Company for the amount of the debt, in favor of the Hardware Company. Plaintiff then brought this action against the latter company and the surety on its attachment bond, A. W. Vickory, alleging that the attachment was wrongfully sued out, and praying for the recovery of compensatory and punitive damages. The defendant demurred to the complaint upon the following grounds: (1) That there is a misjoinder of parties, the defendant Vickory not being a necessary or proper party to the cause of action at common law, for wrongfully and maliciously suing out the attachment, but being liable, if at all, only on the bond. (2) That two causes of action are improperly joined, one for wrongfully and maliciously causing the attachment to be issued and the other for a breach of the condition of the attachment bond. The Court overruled the demurrer, and the defendants excepted and appealed.

The demurrer should have been sustained on both grounds. The plaintiff has alleged in his complaint two causes of

action, though he has not stated them separately, as he should have done. The Code, section 267 (7). Causes of action may be united in a complaint, when they arise out of the same transaction or transactions connected with the same subject of action, whether they be in contract or in tort (The Code, section 267 (7)); *Cooke v. Smith,* 119 N. C., 350; but each of them must affect *all* the parties to the transaction (section 267 (7)). "It is not sufficient that some of the defendants be affected by each of them. All of the defendants must be affected by each of them to warrant the union of them in one suit." *Howse v. Moody,* 14 Fla., 65. In this case the plaintiff has sued the Hardware Company for wrongfully and maliciously causing to be issued the attachment for which the said company alone is liable in damages, and has joined as a defendant A. W. Vickory, the surety on the attachment bond, who is liable solely by reason of his suretyship on his contract of indemnity and to the amount only of the penalty of the bond, two hundred dollars. One cause of action therefore is for the wrongful and malicious injury to the plaintiff, using the word "injury" in its technical sense, and the other is for the breach of the condition of the attachment bond, and the defendant Vickory can in no way be "affected" by the former. He is not liable generally to the plaintiff for damages simply because he signed the bond as surety, but his liability arises entirely out of contract, and is quite different in its nature from that of his co-defendant for the tort it is alleged to have committed in maliciously suing out the attachment. *Fell v. Porter,* 69 N. C., at page 142. The defendant Vickory is liable by reason of his undertaking, according to the statute, to the effect that if the defendant recover judgment or the attachment is set aside by order of the Court the plaintiff in the attachment suit "will pay all costs awarded against it and all damages sustained by reason of the attachment." As said by *Pear-*

*son, C. J.,* for the Court, in *Fell v. Porter, supra,* a sheriff may be liable on an implied contract upon a principle of the common law, while as to his surety there is no such implied undertaking and no other liability, save that which is set out in his bond, it being an obligation to pay to a certain amount subject to conditions.

The liability of the surety is said to be *strictissimi juris,* which means no more than that he shall not be held to answer beyond the precise terms of his contract, and only to the extent that the particular liability which is alleged to exist is covered by his written obligation. Pingrey on S. & G., section 112. When he is called upon to answer for any liability based on his suretyship he has a right always to ask: "Is it so nominated in the bond?" or other instrument which is the evidence of his undertaking.

Whether if Vickory had been liable jointly with his co-defendant for the tort alleged to have been committed in wrongfully and maliciously suing out the attachment, he could properly have been joined with the latter in an action upon that liability and also upon the bond, is a question we need not decide, as it is not presented upon this record. *Fell v. Porter, supra.* In the case of *Cook v. Smith,* 119 N. C., at page 356, this Court, speaking by the present *Chief Justice,* said: "Always, when the sheriff is sued for official liability, he is responsible personally, and his surety should be sued on the relation of the State, but it has never been held a defect to join them." This was said with reference to the separate liability of the sheriff for an official act which at the same time constituted a breach of his bond, so that while the sheriff in such a case is personally liable, as if he had not signed the bond, his surety is liable for the act of the sheriff because it is also a breach of his bond. The two liabilities are, in legal effect, the same. They are identical and co-extensive in principle, though not in amount.

But when the officer or principal, in addition to the liability on his bond, is independently liable by reason of some act for which the surety is not liable, or which, in other words, does not come within the scope of the latter's undertaking, it is manifest that the surety is not affected by the cause of action upon the separate liability of the officer or principal, and the two causes of action, the one against the officer on his separate liability and the other against the surety on the bond, cannot be joined. *Hoye v. Raymond,* 25 Kan., 665; *Howse v. Moody, supra.* There must be at least substantial identity between the causes of action before they can be united in one suit, because, if there is not, the several causes of action may, for their decision, depend upon very different facts and principles of law, which would tend to confusion and uncertainty in the trial of the case and result in great prejudice to some, if not all, of the parties.

As the two causes of action cannot be united in one and the same complaint, there is another fatal defect to be found in the plaintiff's present suit, so far as the defendant Vickory is concerned. The liability on the attachment bond is one growing out of contract, and any action thereon against the surety is of course *ex contractu.* 1 Shinn on Attachment, section 182, p. 307; Kneeland on Attachment, section 458. As the penalty is only two hundred dollars, the Superior Court has no jurisdiction of an action upon the bond. *Katzenstein v. Railroad,* 84 N. C., 688; *Maggett v. Roberts,* 108 N. C., 174; *Joyner v. Roberts,* 112 N. C., 111.

While the two causes of action stated in the complaint could not be joined for the reasons we have given, the misjoinder does not require the action to be dismissed, as, under the provisions of section 272 of The Code, the Court, in the case of a misjoinder of causes of action, "shall order the action to be divided into as many actions as may be necessary to the proper determination of the causes of action

therein mentioned." This cannot be done in the present case, for the Court would not have jurisdiction of the separate cause of action against Vickory on the attachment bond, the amount of the penalty being only two hundred dollars, but the provision of the statute will be followed to the extent that it can be by dismissing the action as to Vickory.

The case of *McCall v. Zachary,* 131 N. C., 466, is not at all at variance with anything said in this opinion, but is, we think, in perfect harmony with the principle we have stated. In that case the plaintiff sued the defendant to recover the fees of the office of Solicitor which had been collected by him during his incumbency of that office, the plaintiff having previously been adjudged to be entitled to it. The plaintiff alleged that the defendant had received five hundred dollars as fees and he declared against defendant for the recovery of that amount and also against his sureties for the recovery of two hundred dollars, the penalty of the bond given by them for the defendant in the *quo warranto* action to secure the payment to the plaintiff of the fees to that amount in the event of the latter's success in that action. It will be observed that the non-payment of the fees by Zachary to the plaintiff was the gravamen of the action, the cause of action, and in itself was a breach of the bond. It was not a separate and distinct cause, but the same cause as the one upon the bond, the only difference being that the defendant Zachary was liable for a greater amount than his sureties. In the opinion of the Court, delivered by *Furches, C. J.,* it is said that the bond for two hundred dollars is not *the* cause of action, but the failure to pay the five hundred dollars collected by the defendant, and the bond is only a security for the plaintiff of that amount *pro tanto,* or to the extent of its penalty. There was but one cause of action, which was on contract. The recovery against Zachary and his sureties was upon a single default,

and was founded upon one and the same principle through-
out.   In our case, on the contrary, there is a cause of action
for the malicious injury, which is different in its nature and
scope from that on the bond.   An act of the principal which
would merely constitute a breach of the bond, would not be
sufficient to warrant a recovery upon the other cause of
action.   Drake in his work on Attachments says: "It has
been uniformly held in this country that an attachment
plaintiff may be subjected to damages for attaching the
defendant's property maliciously and without probable
cause.   The defendant's remedy in this respect is not at all
interfered with by the plaintiff having at the institution of
the suit given bond with security to pay all damages the
defendant may sustain by reason of the attachment having
been wrongfully sued out."   The line of distinction between
the two causes of action is clearly "run and marked" in the
following cases: *Burnap v. Wright,* 14 Ill., 301; *Lawrence
v. Hagerman,* 56 Ill., 68, 8 Am. Rep., 674.   See also Cooley
on Torts (2 Ed.), p. 218.   In the first case cited it is said:
"The direct pecuniary injury to the defendant may be as
great in the one case as in the other.   This direct pecuniary
loss is all that can be recovered in an action on the bond.
If the writ is sued out maliciously, and without probable
cause, the defendant may maintain an action for malicious
prosecution.   And in such an action he may recover dam-
ages for every injury to his credit, business, or feelings.
Such matters are peculiarly the proper subjects of inquiry;
and the jury may give damages commensurate with the inju-
ries sustained.   But such injuries as may be redressed only
where malice exists and probable cause is wanting ought
not to be taken into consideration in an action on the bond."
The action for the malicious wrong is one which exists inde-
pendently of any statutory provision as to a bond.   In *Coal
Co. v. Upson,* 40 Ohio St., 25, the doctrine is thus tersely

stated: "It may now be considered the approved doctrine that an action for the malicious prosecution of a civil suit may be maintained whenever, by virtue of any order or writ issued in the malicious suit, the defendant in that suit has been deprived of his personal liberty or of the possession, use, or enjoyment of property of value. The name or form of the writ or process is immaterial. It may be an order of arrest, or of attachment, or of injunction." See also, *Tomlinson v. Warner,* 9 Ohio, 104; *Fortman v. Rottier,* 8 Ohio St. (N. S.), 548, 70 Am. Dec., 606. A strong authority in support of the distinction we have made is *Pettit v. Mercer,* 8 B. Mon., 51.

It follows from what we have said that the demurrer should have been sustained as to the cause of action against Vickory on the attachment bond. This ruling eliminates that cause of action and the suit may proceed against the Hardware Company if the plaintiff desires to further prosecute the same. *Ashe v. Gray,* 90 N. C., 137; *Mfg. Co. v. Barrett,* 95 N. C., 36; *Finch v. Baskerville,* 85 N. C., 205.

The case is remanded for further proceedings not inconsistent with the opinion of this Court.

Error.