A. S. GRADY, RECEIVER OF FARMERS AND MERCHANTS BANK OF MOUNT OLIVE, v. S. L. WARREN AND OTHERS, AND CITIZENS BANK OF MOUNT OLIVE.

(Filed 25 November, 1931.)

**Pleadings D b—Demurrer for misjoinder of parties and causes held properly sustained in this case.**

Where the receiver of an insolvent banking corporation brings action against its directors, alleging mismanagement resulting in insolvency, and against another banking corporation with which the insolvent corporation was later merged, alleging breach of a contract with the directors of the insolvent corporation in regard to liquidation, resulting in loss, there is a misjoinder of parties and causes of action and the action will be dismissed upon the defendant's demurrer, there being no allegation in the complaint of a conspiracy or of a general or continued course of dealing or systematic policy or wrongdoing participated in by all the defendants, C. S., 511(4), (5), C. S., 456, as amended by chapter 344, Public Laws of 1931, applying only when the plaintiff is in doubt as to the persons from whom he is entitled to relief.

APPEAL by plaintiff from *Cowper, Special Judge,* at April Term, 1931, of WAYNE. Affirmed.

From judgment sustaining the demurrers to the complaint, for misjoinder of parties and causes of action, and dismissing the action, plaintiff appealed to the Supreme Court.

*J. Faison Thomson, Kenneth C. Royall and Teague & Dees for plaintiff.*

*R. D. Johnson, Langston, Allen & Taylor, and Dickinson & Freeman for defendants.*

CONNOR, J. This is an action by the receiver of an insolvent banking corporation against the directors of said corporation, and also against another banking corporation, with which the insolvent corporation, prior to its insolvency, was merged or consolidated.

The plaintiff alleges as his cause of action against the defendants, directors of the insolvent corporation, while it was engaged in business, and prior to its merger or consolidation with the defendant banking corporation, acts of negligence, resulting in its insolvency; he alleges as his cause of action against the defendant banking corporation that after the merger or consolidation, said banking corporation breached its contract with the directors of the insolvent corporation, with respect to its liquidation, resulting in loss to said corporation. There were no allegations in the complaint of a conspiracy between the defendants, or of a course of dealing between them with respect to the assets of the insolvent corporation, amounting to a conspiracy.

There is a misjoinder of parties (*R. R. v. Hardware Co.,* 135 N. C., 73, 47 S. E., 234) and of causes of action (*Huggins v. Waters,* 167 N. C., 197, 83 S. E., 334) in the complaint in this action. For this reason there is no error in the judgment sustaining the demurrers (C. S., 511(4) and (5) and dismissing the action. *Shuford v. Yarborough,* 198 N. C., 5, 150 S. E., 618.

There is no allegation in the complaint of a general and continued course of dealing, or of a systematic policy of wrong doing, participated in by all the defendants, and resulting in loss to the plaintiff. For this reason *Trust Co. v. Peirce,* 195 N. C., 717, 143 S. E., 524, cited and relied on by plaintiff, is not applicable in this case.

C. S., 456, as amended by chapter 344, Public Laws 1931, applies only when the plaintiff is in doubt as to the persons from whom he is entitled to redress on his cause of action; in that case he may join two or more persons as defendants to determine which is liable. The statute manifestly does not authorize a misjoinder of causes of action and of parties. Such was not its purpose. A complaint is demurrable now as before the amendment of C. S., 456, for a misjoinder of parties, and of causes of action. C. S., 511(4) and (5).

Affirmed.