SCHENCK, J., took no part in the consideration or decision of this case.
This is a civil action pending in the Superior Court of Guilford County, summons therein having been issued and complaint having been filed on 13 April, 1933. In the original action the only defendant was Pomona Mills, Incorporated. In that action, the summons and pleadings in which are set out in the record, for reasons stated in the complaint therein, Norman A. Boren, Esq., was duly appointed receiver of said Pomona Mills, Incorporated, and since ......... April, 1933, has been and now is in charge of said Pomona Mills, Incorporated, as such receiver. On or about 29 November, 1933, L. C. Vaughan, J. A. Roland, Mrs. J. A. Roland, Meyer Sternberger, Mrs. Nora McCracken, John W. Summers and Cecil Gant, alleging themselves to be preferred stockholders of said Pomona Mills, Incorporated, filed their petition in the original action, which petition is set out in the record, praying leave to come in and make themselves parties to said original cause and praying that J. E. Latham, P. C. Rucker, C. W. Causey, J. C. Watkins, G. O. Hunter and Fielding L. Fry, be made parties defendant, along with said Pomona Mills, Incorporated, and Norman A. Boren, receiver, in said original action. Thereupon the resident judge of the Twelfth Judicial District, made and entered in said original action, an order *Page 770 
allowing the petitioners to come into said action and make themselves parties plaintiff thereto and state their cause of action against said Pomona Mills, Incorporated, and Norman A. Boren, receiver thereof, and requiring that summons be issued to said J. E. Latham, P. C. Rucker, C. W. Causey, J. C. Watkins, G. O. Hunter and Fielding L. Fry to the end that they be made parties defendant. Accordingly summons was issued to the additional parties and was served upon all of them except G. O. Hunter, and those served were accordingly set down as additional parties defendant in the original action.
Thereupon petitioners L. C. Vaughan, J. A. Roland, Mrs. J. A. Roland, Meyer Sternberger, Mrs. Nora McCracken, John W. Summers and Cecil Gant, preferred stockholders, filed their complaint entitled as in the original action with the addition of Norman A. Boren, receiver, J. E. Latham, P. C. Rucker, C. W. Causey, J. C. Watkins, G. O. Hunter and Fielding L. Fry as parties defendant, which complaint setting out three alleged causes of action, appears in the record. Thereafter and in due time, Norman A. Boren, receiver, filed his separate answer to said complaint and J. E. Latham, P. C. Rucker, C. W. Causey, J. C. Watkins and Fielding L. Fry filed their answer thereto, which answer is set out in the record. On 2 October, 1933, Hunter Manufacturing and Commission Company commenced a civil action in the Superior Court of Guilford County against Norman A. Boren, receiver for Pomona Mills, Incorporated, and on said date filed its complaint. Thereafter and in due time, said Norman A. Boren, receiver, filed his answer to the complaint of Hunter Manufacturing and Commission Company setting up, among other things, counterclaims against said Hunter Manufacturing and Commission Company. Later and in due time, said Hunter Manufacturing and Commission Company replied in part to said counterclaims and demurred in part thereto. The demurrer of said Hunter Manufacturing and Commission Company was heard at March Term, 1934, of said court, and was overruled. At March Term, 1934, of said court, the intervening petitioners or plaintiffs L. C. Vaughan, J. A. Roland, Mrs. J. A. Roland, Meyer Sternberger, Mrs. Nora McCracken, John W. Summers and Cecil Gant through their counsel moved the court that their intervention or the action instituted by them by leave of the court as aforesaid against Pomona Mills, Incorporated, Norman A. Boren, receiver, J. E. Latham, P. C. Rucker, C. W. Causey, J. C. Watkins, G. O. Hunter and Fielding L. Fry be referred to a referee for trial. To this motion, defendant Norman A. Boren, receiver, through his counsel, and defendants, J. E. Latham, P. C. Rucker, C. W. Causey, J. C. Watkins and Fielding L. Fry, excepted and assigned error. To said order, defendant Norman A. Boren, receiver for Pomona Mills, Incorporated, excepted and assigned error, *Page 771 
demanding a trial by jury of the issues raised upon the pleadings. To the order so signed as aforesaid, defendants, J. E. Latham, P. C. Rucker, J. C. Watkins, C. W. Causey and Fielding L. Fry excepted.
The order of reference is as follows: "This cause being heard, and it appearing to the court that the trial of this part of the action entitled L. C. Vaughan, J. A. Roland, Mrs. J. A. Roland, Meyer Sternberger, Mrs. Nora McCracken, John W. Summers, and Cecil Gant, preferred stockholders, v. Pomona Mills, Incorporated; Norman A. Boren, receiver; J. E. Latham, P. C. Rucker, C. W. Causey, J. C. Watkins, G. O. Hunter, and Fielding L. Fry, requires the examination of several long accounts; that the complexity of the pleadings and the number of parties precludes the possibility of a proper and fair representation of the matters at issue to a jury and that it is a proper case for reference, it is ordered that this action, or the part thereof involving the action between the preferred stockholders as plaintiffs and the receiver and the directors of the Pomona Mills, Incorporated, as defendants, be and it is hereby referred to Henry M. Robins, Esq., of Asheboro, North Carolina, for hearing and the said referee shall proceed to hear the evidence, and find the facts therefrom, state his conclusions of law, and make his report to this court as required by law. The said referee shall fix the time for hearing, notify the parties thereof, determine the matter, and make his report to this court without unnecessary delay. This 30 March, 1934."
From the foregoing order, the defendants, J. E. Latham, P. C. Rucker, J. C. Watkins, C. W. Causey and Fielding L. Fry, except and assign, among other errors, the pendency of the civil action entitled Hunter Manufacturing and Commission Company v. Norman A. Boren, receiver, for Pomona Mills, Incorporated, pending in this court, and from said order, the said defendants appeal to the Supreme Court in open court. From the foregoing order, the defendant, Norman A. Boren, receiver for the Pomona Mills, Incorporated, excepts and assigns error and demands a trial by jury on the issues raised upon the pleadings and gives notice of appeal to the Supreme Court, in open court.
In the order of reference is the following: "This cause being heard, and it appearing to the court that the trial of this part of the action entitled L. C. Vaughan, J. A. Roland, Mrs. J. A. Roland, *Page 772 
Meyer Sternberger, Mrs. Nora McCracken, John W. Summers, and Cecil Gant, preferred stockholders, v. Pomona Mills, Incorporated; Norman A. Boren, receiver; J. E. Latham, P. C. Rucker, C. W. Causey, J. C. Watkins, G. O. Hunter and Fielding L. Fry, requires the examination of several long accounts; that the complexity of the pleadings and the number of parties precludes the possibility of a proper and fair representation of the matters at issue to a jury and that it is a proper case for reference."
To the above reference, the parties before mentioned excepted, assigned errors and appealed to this Court. We think the reference proper under the facts and circumstances of this case. The Pomona Mills, Incorporated, was duly placed in the hands of a receiver, Norman A. Boren. The order of reference affects solely parties to the action. N.C. Code, 1931 (Michie), section 460, in part is as follows: "The court either between the terms, or at a regular term, according to the nature of the controversy may determine any controversy before it, when it can be done without prejudice to the right of others, but when a complete determination of the controversy cannot be made without the presence of other parties, the court must cause them to be brought in," etc.
Under an order not appealed from, the defendants, J. E. Latham, P. C. Rucker, C. W. Causey, J. C. Watkins, G. O. Hunter and Fielding L. Fry, were made parties to the original action; complaint was duly filed and the defendants above named, with one exception, filed answer to same. Answer was also filed by Norman A. Boren, receiver.
N.C. Code, 1931 (Michie), section 507, in part is as follows: "The plaintiff may unite in the same complaint several causes of action, of legal or equitable nature, or both, where they all arise out of: (1) The same transaction, or transactions connected with the same subject of action." The general rule which may be deduced from the decisions is that, if the causes of action be not entirely distinct and unconnected, if they arise out of one and the same transaction, or a series of transactions forming one dealing and all tending to one end, if one connected story can be told of the whole — they may be joined in order to determine the whole controversy in one action. Trust Co. v. Pierce, 195 N.C. 717;Shaffer v. Bank, 201 N.C. 415; Craven County v. Investment Co.,201 N.C. 523. An action arising upon a contract united in the same complaint with one arising in tort is not a misjoinder, and a demurrer thereto will not be sustained "where they arise out of the same transaction or are connected with the same subject of action." Hawk v. Lumber Co., 145 N.C. 48.
In Craven County v. Investment Co., 201 N.C. 523 (530), supra, we find: "The motion to strike out certain allegations is based upon *Page 773 
the contention that the complaint sets out two causes of action which are distinct and unrelated, one in contract, another in tort. It is insisted that the cause stated in the first nineteen paragraphs is ex contractu and that the cause stated in the remaining paragraphs is ex delicto, and that the two cannot properly be united in one action. True, at common law there could be no such joinder. Logan v. Wallis 76 N.C. 416; Doughty v. R. R.,78 N.C. 22. But under the reformed procedure it is held as a general proposition that several causes may be united if they arise out of the same transaction or a transaction connected with the same subject of action, whether legal or equitable, whether in contract or in tort. Cook v. Smith,119 N.C. 350; Daniels v. Fowler, 120 N.C. 14; Reynolds v. R. R.,136 N.C. 345; Hawk v. Lumber Co., 145 N.C. 47; Worth v. Trust Co.,152 N.C. 242."
In Texas Co. v. Phillips, ante, 355 (357-8), we have recently written on the subject of reference, and will repeat: "N.C. Code, 1931 (Michie), section 573, in part is as follows: `Where the parties do not consent, the court may, upon the application of either or of its own motion, direct a reference in the following cases: (1) Where the trial of an issue of fact requires the examination of a long account on either side, in which case the referee may be directed to hear and decide the whole issue, or to report upon any specific question of fact involved therein.' The pleading of plaintiff and the answer of the defendant, indicated `the examination of a long account on either side.' The defendant set up no plea in bar. LumberCo. v. Pemberton, 188 N.C. 532. In Bank v. Evans, 191 N.C. 535 (539), is the following: `It is generally agreed that the civil issue dockets of the State are greatly congested by reason of the overwhelming increase in business incident to the progress and expansion of commercial and industrial activities, and for this reason, it is perhaps, not amiss to be reminded of the practical wisdom contained in an utterance by Faircloth, C.J., in Jones v. Beaman, 117 N.C. 259: "Our statutes relating to trials by referees serve a useful purpose, and must be liberally construed. They aid and simplify the work which would otherwise fall upon the court and jury, and often expedite the litigation and save the parties from trouble and expensive trials, and are a saving in time to witnesses and attorneys."'" Citing numerous authorities. Bank v. McCormick, 192 N.C. 42.
Facts succinctly stated are as follows: This action by Fry on behalf of all other stockholders of Pomona Mills, Incorporated, upon which the receiver was appointed for Pomona Mills, Incorporated, and the preferred stockholders intervened in the action on their behalf, made the directors of Pomona Mills, Incorporated, parties defendant and set up three causes of action. Their action is based upon the contract contained in the certificate of stock and the charter of the corporation. *Page 774 
The charter provides for the retirement of the preferred stock by the creation of a sinking fund established from the surplus or profit of the corporation. The first cause of action is one for the purpose of establishing the sinking fund as being among the assets of the corporation in the hands of the receiver and to recover from the sinking fund either the entire amount due these preferred stockholders or their proportionate part thereof. The second cause of action is against the directors on behalf of the receiver for their negligence, misapplication of corporate assets, and mismanagement of the corporation over a period of ten years. From the recovery of the amount sought on behalf of the receiver, to wit: $800,000 it is sought to establish an augmentation of the sinking fund to the amount of $33,000 covering the years 1928, 1929, 1930, 1931, and 1932, when no contribution was made to the sinking fund in accordance with the contract with the directors, to wit: the preferred stockholders. There then follows the same demand for a recovery of the sinking fund to be applied to the payment of the entire stock of these preferred stockholders or their proportionate part. The third cause of action is on behalf of the preferred stockholders directly against the directors by reason of the same allegations of negligence, misapplication of assets, and mismanagement of the corporation, as alleged in the second cause of action, the recovery on behalf of the preferred stockholders being directly from the directors and being the balance of the amount not realized from the first and second causes of action.
The defendants, J. E. Latham, P. C. Rucker, C. W. Causey, J. C. Watkins, and Fielding L. Fry, contend in their brief: "From failure after diligent effort on their part to find any North Carolina case expressly defining `long account,' counsel conclude that there is no such case."
Speaking to the subject in 53 C.J., in part, section 21(2), pp. 687-8, we find: "Although there is authority to the contrary, all the issues of fact in the action need not relate to an account to authorize a reference of the action. And an action, in order to be referable as involving a long account, need not necessarily be an action based on an account or an action for an accounting. Where the principal issues presented are questions of law not involving nor involved in an accounting, the whole case should not be referred to a referee to hear and determine the issues. But in order to authorize a reference of the entire action, the account must be directly and not merely collaterally or incidentally involved; in other words, the account must be the primary or immediate object of the action, or the substantial subject of the issue."
N.C. Practice and Procedure in Civil Cases (McIntosh), page 562: "In cases involving complicated accounts, the reference is analogous to *Page 775 
the old equity practice in a reference to the master, the report to be made to the court and finally disposed of on exceptions. The parties are entitled to a jury trial upon issues of fact, but the jury cannot investigate and settle the items in such accounts, and a reference is necessary. What is a `long account,' so as to justify a compulsory reference, is not easily defined and must depend upon the circumstances of each case, but where the transactions are simple, and the calculation may be easily made a compulsory reference should not be ordered."
In Mfg. Co. v. Horn, 203 N.C. 732 (733), it is said: "There is no statutory or judicial definition of a `long account.' Indeed, the expression is perhaps less complicated than any definition thereof. Obviously a correct conclusion as to whether an account was `long' would depend upon the facts and circumstances of a given case. The tendency of Appellate Courts generally is to construe liberally the reference statute, and the Court is of the opinion that the account in controversy was correctly classified by the trial judge."
Black's Law Dictionary (3d edition), page 1130, citing numerous authorities: "Long account: An account involving numerous separate items or charges, on one side or both, or the statement of various complex transactions, such as a court of equity will refer to a master or commissioner or a court of law to a referee under the codes of procedure."
The splitting of these causes of action by reference is not ordinarily allowable. In C.J., supra, section 24(c), is the following: "Where several causes of action are joined in the complaint and only one or several, but not all, are referable, plaintiff is not entitled to an order of compulsory reference. But a reference may be ordered where several alleged causes of action are set forth, but in reality there is but one cause of action which is referable. Moreover where a referable action in contract is consolidated with a tort action, which is nonreferable under the rule hereinafter stated, and the tort action is barred by reason of the statute of limitations, the contract action may be referred."
Under a liberal construction supra given to section 573(1), we think under the facts and circumstances of this case, that the court below properly referred the matter. The practice and procedure is thus stated inPritchett v. Supply Co., 153 N.C. 344 (345-6): "A party may object to a reference, if there is a plea in bar, and appeal at once, if he is so minded, or he may rely upon his objection by reserving his exception, and appeal from the final judgment. This is a convenient practice or procedure, because if the case goes on and the party who has excepted succeeds finally, by the decision of the referee or the verdict of the jury, his exception to the reference becomes immaterial, and the result shows that no appeal was really necessary to protect his right. He could appeal *Page 776 
when the order of reference was made, but was not bound to do so at that time. The practice in this respect has been settled. Kerr v. Hicks,131 N.C. 92; Jones v. Wooten, 137 N.C. 421; Austin v. Stewart,126 N.C. 525."
The able brief of defendants was persuasive, but not convincing under the liberal construction this Court has given to joinder of causes of action and references under the statute. The order or judgment of the court below is
Affirmed.
SCHENCK, J., took no part in the consideration or decision of this case.