E. H. PEITZMAN, TRADING AS U. S. ELEVATED TANK MAINTENANCE COMPANY, v. THE TOWN OF ZEBULON AND AVON PRIVETT AND R. VANCE BROWN.

(Filed 30 April, 1941.)

**Pleadings §§ 2, 16a—Where plaintiff is in doubt as to persons liable, he may join them as defendants and seek to recover in the alternative.**

Plaintiff alleged that he did certain work in reliance upon a written contract with defendant municipality to clean, paint and test its water tank, which contract was executed in the name of the town by the individual defendants as mayor and clerk, and that he was interrupted and stopped in the performance of the work by the town. Plaintiff sought to recover against the town on the contract or, if the town were not liable on the contract, to recover against the individual defendants for wrongfully inducing him to enter into an unauthorized contract. *Held:* The facts alleged are not in the alternative, but the complaint alleges a series of transactions forming one whole and connected story, and under the provisions of C. S., 456, as amended by sec. 2, ch. 344, Public Laws of 1931, plaintiff, being in doubt as to those from whom he is entitled to redress, may seek to recover of the defendants in the alternative, C. S., 507 (1), and defendants' demurrer for misjoinder of parties and causes is properly overruled.

APPEAL by individual defendants from *Pless, J.,* at February Term, 1941, of WAKE. Affirmed.

*Simms & Simms for plaintiff, appellee.*
*A. R. House and J. G. Mills for defendants, appellants.*

SCHENCK, J. The plaintiff alleges that he rendered certain services in reliance upon a written contract to clean, paint and test the elevated water tank of the defendant town, which contract was executed in the name of said town by its mayor and clerk, and that he was interrupted and stopped in the performance of the contract by the town. The defend-

ant town filed answer and alleged that the written contract was executed by the mayor and clerk without authority. Upon motion of the plaintiff the mayor and clerk, Privett and Brown as individuals, were made parties defendant. The plaintiff then pleaded that either the defendant town was liable on the contract or that the defendants Privett and Brown were liable for wrongfully entering into the contract and for inducing the plaintiff to enter into an unauthorized contract. Whereupon the individual defendants filed demurrer, alleging misjoinder of causes of action and of parties defendant. The demurrer was overruled, and the sole question presented on this appeal is the correctness of this ruling.

It is the contention of the appellants that there are two causes of action alleged, one for breach of contract against the defendant town, and one *ex delicto* against the individual defendants for fraudulently entering into and inducing the plaintiff to enter into an unauthorized contract; and that since the town is not affected by the tort action against the individual defendants, and the individual defendants are not affected by the *ex contractu* action against the defendant town, there is a misjoinder; and for authority cite *Land Co. v. Beatty,* 69 N. C., 329; *R. R. v. Hardware Co.,* 135 N. C., 73, 47 S. E., 234; *Wilkesboro v. Jordan,* 212 N. C., 197, 193 S. E., 155, and similar cases.

It is the contention of the plaintiff, appellee, that there is but one set of facts alleged, told as one connected story, and that the plaintiff is in doubt as to which of the defendants are liable thereunder, and that by virtue of C. S., 456, as amended by sec. 2, ch. 344, Public Laws 1931, allowing certain joinder of parties and alternative pleadings, he is authorized to maintain the action as instituted against the several parties defendant.

We concur in the plaintiff's contention and his Honor's ruling. C. S., 456, as amended, reads: "All persons may be made defendants, jointly, severally, or in the alternative, who have, or claim, an interest in the controversy adverse to the plaintiff, or who are necessary parties to a complete determination or settlement of the questions involved. . . . If the plaintiff is in doubt as to the persons from whom he is entitled to redress, he may join two or more defendants, to determine which is liable."

In *Fry v. Pomona Mills,* 206 N. C., 768, 175 S. E., 156, *Justice Clarkson* wrote: "N. C. Code, 1931 (Michie), section 507, in part is as follows: 'The plaintiff may unite in the same complaint several causes of action, of legal or equitable nature, or both, where they all arise out of: (1) The same transaction, or transactions connected with the same subject of action.' The general rule which may be deduced from the decisions is that, if the causes of action be not entirely distinct and unconnected, if they arise out of one and the same transaction, or a series of

transactions forming one dealing and all tending to one end, if one connected story can be told of the whole—they may be joined in order to determine the whole controversy in one action. *Trust Co. v. Peirce,* 195 N. C., 717; *Shaffer v. Bank,* 201 N. C., 415; *Craven County v. Investment Co.,* 201 N. C., 523. An action arising upon a contract united in the same complaint with one arising in tort is not a misjoinder, and a demurrer thereto will not be sustained 'where they arise out of the same transaction or are connected with the same subject of action.' *Hawk v. Lumber Co.,* 145 N. C., 48."

The cause of action in the case at bar is in the alternative against the municipal defendant and the individual defendants and arises out of a series of transactions forming one dealing and all tend to one end and the whole is told in one connected story. There are no alternative facts alleged, the only alternative involved under the allegations is as to which of the defendants are liable. The plaintiff is in doubt as to the persons from whom he is entitled to redress, and may, therefore, under the statute, join the defendants to determine which is liable. C. S., 456. See also title Parties, 47 C. J., pp. 74 and 75, paragraphs 153 and 154.

The judgment of the Superior Court is
Affirmed.