MITTLE S. CONGER v. THE TRAVELERS INSURANCE COMPANY AND COLONIAL STORES, INCORPORATED.

(Filed 19 July 1963.)

1. **Pleadings §§ 3, 18; Parties § 3—**
    The provision of G.S. 1-69 permitting a plaintiff, uncertain as to which of two defendants is liable, to sue both of them in the alternative will not be construed to authorize the joinder of unrelated and distinct causes of action against separate defendants, G.S. 1-123, but when the allegations of the complaint tell a connected story and plaintiff does not assert any inconsistent positions therein, and the action affects both defendants in that if the one is liable the other is not, the statute applies and demurrer for misjoinder should be overruled.

2. **Same; Insurance §§ 8, 16—**
    Plaintiff alleged that she was the beneficiary under a certificate of group insurance, that insured's portion of the premium was regularly deducted from his wages by defendant employer, and that insured died less than 31 days after the last deduction of the premium from his wages. Plaintiff sought to recover against insurer on the policy if the policy were in force, and against the employer if the policy were not in force, for breach of contract by the employer to keep the policy in force by the payment of premiums. *Held:* Demurrer of the respective defendants for misjoinder of parties and causes of action should have been overruled.

APPEAL by plaintiff from *Paul, J.,* September 1962 Term of WAYNE.

The plaintiff brought this action against The Travelers Insurance Company and the Colonial Stores, Inc. alleging two alternative causes of action.

The first cause is stated against Insurance Company as follows:

E. H. Conger, deceased, was employed by Stores. Insurance Company issued to Stores a group insurance policy on the lives of its employees. Certificate No. F-1054 was issued to Conger under the master policy on September 1, 1958. It insured his life in the sum of $8,000.00 and named plaintiff as his beneficiary. Conger died on May 22, 1961 while the policy was in full force and effect. Notice of death and claim was given to Insurance Company but payment was refused. Plaintiff is entitled to recover the sum of $8,000.00 from Insurance Company.

The second cause of action is stated against Stores in the alternative as follows:

If it be found on the trial that Insurance Company is not liable to the plaintiff under the policy then Stores is liable because, under the terms of the employment contract between Stores and Conger, Stores agreed to pay part of the premium on the aforesaid life insurance policy and Conger agreed to pay $1.90 per week as his share of the premium. Stores deducted this sum from his salary up to and including his final week of employment which ended April 24, 1961. He died within thirty-one days thereafter. Under the terms of the policy his beneficiary was entitled to the face amount of the certificate. If Stores did not remit the premium due Insurance Company, his part of which it deducted from Conger's salary each week, or if any other breach of contract by Stores relieved Insurance Company from liability to the plaintiff, then Stores is liable to the plaintiff for $8,000.00

Each defendant demurred to the complaint on the ground that (1) there is a misjoinder of both causes of action and parties and (2) plaintiff is not the real party in interest. The judge sustained the demurrer for misjoinder and dismissed the action.

*J. W. H. Roberts by Willis A. Talton for plaintiff appellant.*

*Taylor, Allen & Warren by John H. Kerr, III for defendant appellees.*

SHARP, J. In considering the ground upon which the demurrer was sustained two statutes are applicable.

> G.S. 1-123 provides in part: "The plaintiff may unite in the same complaint several causes of action, of legal or equitable nature, or both, where they all arise out of — (1) The same

transaction, or transaction connected with the same subject of action. (2) Contract, express or implied. . . But the causes of action so united must all belong to one of these classes, and, . . . must affect all the parties to the action, and not require different places of trial, and must be separately stated." G.S. 1-69 provides: "All persons may be made defendants, jointly, severally, or in the alternative, who have, or claim, an interest in the controversy adverse to the plaintiff, or who are necessary parties to a complete determination or settlement of the questions involved. . .If the plaintiff is in doubt as to the persons from whom he is entitled to redress, he may join two or more defendants, to determine which is liable."

The last sentence of G.S. 1-69, quoted above, became law on May 4, 1931. As pointed out by Professor Henry Brandis (now Dean) of the University of North Carolina Law School in a discriminating article, "Permissive Joinder of Parties," 25 N.C.L.R. 1, 43, it is clear that G.S. 1-69 permits the joinder of defendants in the alternative where there is but one cause of action. For instance, if A wishes to sue B, the driver of a motor vehicle, and his employer for B's negligence but is uncertain whether C or D was the principal, he may join them both as defendants in the alternative. *Cain v. Corbett*, 235 N.C. 33, 69 S.E. 2d 20.

When the alternative joinder provision of G.S. 1-69 was adopted in 1931 it made no mention of G.S. 1-123 which is §126 of the 1868 Code of Civil Procedure. Therefore uncertainty has arisen whether, in a case of alternative joinder such as this, all causes must affect all parties. If so, do both causes stated in the complaint affect all parties?

In *Grady v. Warren*, 201 N.C. 693, 161 S.E. 319, the receiver of an insolvent bank sued (1) the directors for negligence resulting in insolvency and (2) another bank, with which the first had merged prior to its insolvency, for breach of contract in its liquidation. There was no allegation of a conspiracy or any continued course of dealing between the two defendants which resulted in loss to the plaintiff. Plaintiff's allegations were not in the alternative; he could have proceeded independently on both causes stated and might have recovered on both. Recovery against one set of directors would not necessarily have exonerated the other. G.S. 1-69 clearly did not apply to the case. However, the opinion contains this statement:

> "C. S., 456, as amended by chapter 344, Public Laws 1931, (now G.S. 1-69), applies only when the plaintiff is in doubt as to the persons from whom he is entitled to redress on his cause of

action; in that case he may join two or more persons as defendants to determine which is liable. The statute manifestly does not authorize a misjoinder of causes of action and of parties. Such was not its purpose. A complaint is demurrable now as before the amendment of C. S., 456, for a misjoinder of parties, and of causes of action. C. S. 511(4) and (5)."

The implication in this case is that G.S. 1-69 would apply only where one cause of action is stated.

In *Peitzman v. Zebulon,* 219 N.C. 473, 14 S.E. 2d 416, the Court specifically permitted the use of the alternative joinder feature of G.S. 1-69 where two causes were involved. Plaintiff sued the town for value of services rendered under a written contract to clean, paint, and test a water tank. The town answered, alleging that the mayor and clerk who made the contract on behalf of the town lacked authority. Plaintiff then made these two individuals parties defendant and amended to allege that if the town were not liable on the contract they were liable for wrongfully making the contract and inducing plaintiff to enter into an unauthorized contract. The Court reiterated that an action arising upon contract can be joined with one arising in tort "where they arise out of the same transaction or are connected with the same subject of action." Thus, the Court treated this case as involving two causes of action thereby negating the inference in *Grady v. Warren, supra,* that G.S. 1-69 applies when only one cause is alleged. The opinion states:

"The cause of action in the case at bar is in the alternative against the municipal defendant and the individual defendants and arises out of a series of transactions forming one dealing and all tend to one end and the whole is told in one connected story. There are no alternative facts alleged, the only alternative involved under the allegations is as to which of the defendants are liable. The plaintiff is in doubt as to the persons from whom he is entitled to redress, and may, therefore, under the statute, join the defendants to determine which is liable. C. S. 456. (G.S. 1-69). See also title Parties, 47 C.J., pp. 74 and 75, paragraphs 153 and 154."

It is noted that while the Court pointed out that no alternative facts were alleged in *Peitzman,* it did not say G.S. 1-69 had no application when they were.

In the view we take of this case it is not necessary to quarrel with the statement in *Grady v. Warren, supra,* that a complaint is

still demurrable for an improper joinder of causes and parties. Certainly when it enacted the law which is now G.S. 1-69, the legislature did not contemplate multifariousness or the determination of two separate, distinct, and unconnected causes of action between plaintiff and two or more defendants in one law suit. *Insurance Co. v. Waters*, 255 N.C. 553, 122 S.E. 2d 387. However, this Court has said, "G.S. 1-123 will be liberally construed to effectuate its purpose for the judicial determination of actions with reasonable promptness and a minimum of cost to the litigants." *Milling Co. v. Wallace*, 242 N.C. 686, 89 S.E. 2d 413.

The common law made no provision for the joinder of defendants in the alternative and, in the absence of statutory authority, where one or the other of two defendants, but not both, is liable on a claim, plaintiff may not join such persons as defendants on the ground that he has a right to relief against one of them. However, when the statute authorizes a doubtful plaintiff to join two or more defendants in the alternative in order to ascertain which is liable to him, such statute is "a device of convenience" and should be construed so as to prevent a multiplicity of suits. 67 C.J.S., Parties, § 37(2). However, to do this it is not necessary to authorize a joinder in the alternative of defendants against whom unrelated distinct causes of action are asserted and we would not do so.

In construing Rules 3 and 6 under the English Judicature Act which, for the first time, permitted a plaintiff "in doubt as to the person from whom he is entitled to redress" to join two or more defendants so that liability might be "determined as between all parties of the action," Mellish, L.J., in *Honduras Railway Co. v. Tucker*, 2 Ex. Div. 301 (1877) said:

> "The rules ought to be interpreted fairly to carry out the intention of the legislature in making them. There can be no question that the intention of the legislature was that it should not be necessary for a plaintiff to bring an action first against A., and then against B., and to run the risk of the jury taking a contrary view of the evidence in the two cases, but that he should have both defendants before the Court at once, and try it out between them."

Plaintiff's objective in this action is the recovery of the $8,000.00 benefit specified in the certificate which Insurance Company issued to Conger. She is not blowing hot and cold; she has but one cause of action but does not know which of the two defendants she should sue. If the policy were in force at Conger's death, plaintiff is entitled to

recover the money from Insurance Company; if it were not, she says she is entitled to recover it from Stores as damages for its breach of contract with Conger to pay the premiums.

In the present (pleading) stage of this case while there is doubt as to which defendant may be liable, there is no possibility of recovery against both. As pointed out by Dean Brandis in 25 N.C.L.R., *supra,* 45 and 49, this mutual exclusiveness in a very practical sense makes both cases affect all parties. He says: "(I)t seems sound to say that in a *Peitzman* case situation, all causes do affect all parties because recovery on either will bar recovery of the other. The controlling issue in each case is the same."

In the instant case, upon the facts alleged in the complaint, the rights of all parties depend upon whether Stores paid the premiums to Insurance Company. The trial of this action will unfold one connected story. It may have one chapter or it may have two, but there is no logical reason why it should take two law suits to tell it. The whole matter can be completely and finally determined, with all parties before the Court at one time, in one action without embarrassing or prejudicing the rights of either defendant. On the trial plaintiff may be unable to sustain either of the causes she has alleged or, the evidence may require the submission of both causes to the jury under proper instructions. The alternative causes are not separate and distinct; they are so interwoven that if one defendant is liable the other is not. Of course, neither may be liable. It seems to us that this complaint, though it contains alternative factual allegations, discloses one of the situations for which G.S. 1-69 was passed sixty-three years after G.S. 1-123.

Defendants rely upon *Smith v. Land Bank,* 213 N.C. 343, 196 S.E. 481, in which plaintiff, who had executed a mortgage to the Land Bank, joined two causes of action. In the first cause, plaintiff alleged that defendant Bank foreclosed the mortgage which lacked a sufficient power of sale and then bought at its own sale through its agent, defendant F; that thereafter F conveyed the land to the Bank which then conveyed to defendant H Corporation which, in turn, conveyed different portions of the land to defendants J, D, and S. Plaintiff alleged that the individuals took with notice of plaintiff's equities. The prayer was that plaintiff recover the land and have an accounting of rents and profits from all parties. In the second cause of action, plaintiff prayed that if it should be found in the first that H Company or its grantees were innocent purchasers for value then plaintiff should recover from the Bank the value of the land less the mortgaged indebtedness. Defendants' demurrers for a misjoinder of causes and

parties were sustained and the action dismissed. The Court said, "In the case at hand the first cause of action affects all the defendants. The second affects only the defendant Land Bank. Hence there is a misjoinder of parties." The Court further said that the two causes were inconsistent and plaintiff could not maintain both at the same time.

Although the 1931 amendment to G.S. 1-69 was in effect at the time *Smith* was decided, it is nowhere mentioned either in the briefs or the opinion, and the opinion in *Peitzman* does not mention the *Smith* case.

In the *Smith* case the Land Bank was involved in both causes of action but the relief sought in one precluded the relief sought in the other. Plaintiff did not seek both. It appears that *Smith* involved a clear alternative joinder of causes and that *Peitzman* (the later case) reached a result inconsistent with *Smith*. Brandis, 25 N.C.L.R., *supra* 48; McIntosh, North Carolina Practice and Procedure (2d ed.) § 653. *Peitzman* seems to us to reach the conclusion most likely to expedite the prompt administration of justice.

For the reasons stated we hold that G.S. 1-69 permits the joinder of the two alternative causes stated in the complaint.

Reversed.