LOUISA M. TORRES, PLAINTIFF, v. AETNA CASUALTY & SURETY COMPANY, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY AND SECURITY GENERAL INSURANCE COMPANY, DEFENDANTS

No. 68SC220

(Filed 14 August 1968)

1. Pleadings § 3;  Parties § 3— joinder of causes and defendants — G.S. 1-69

In an action by plaintiff against three insurance companies to recover upon a judgment obtained against the negligent driver in a prior action for damages arising out of an automobile accident, plaintiff alleged (1) that the driver of the automobile was insured under a policy issued by one of the defendants, (2) that the father of the driver was insured by a co-defendant under a family automobile policy which afforded protection to his 16 year old unemancipated son, and (3) that plaintiff herself was insured at the time of the collision under a policy issued by the third defendant to her husband; plaintiff further alleged that under one of the three policies she is entitled to recover the amount of the judgment but that she is in doubt as to the correct one. *Held:* Joinder of the causes of action against the three insurers is permissible under G.S. 1-69, and a demurrer by one insurer for misjoinder of parties and causes of action was properly overruled.

2. Insurance § 106— automobile liability insurance — action against insurer by person injured — pleadings

In an action by plaintiff against automobile liability insurer to recover upon a judgment obtained against the negligent driver in a prior action, an allegation that the policy issued by the defendant afforded liability insurance protection to the driver under the provisions of the policy and by statute, *is held* sufficient to withstand demurrer.

APPEAL from *McLean, J.,* at the 11 March 1968 Session, BUNCOMBE County Superior Court.

This case is a supplement to and arises out of the case of *Torres v. Smith,* 269 N.C. 546, 153 S.E. 2d 129. In that case the background

facts of the automobile collision are set out. In brief, the plaintiff in a previous action obtained a judgment against Michael Zeb Smith who was the driver of a Ford automobile belonging to Elizabeth A. Lowry. As a result of the decision of the Supreme Court in *Torres v. Smith, supra,* the plaintiff has a judgment for $2,000 against Smith, and Lowry was eliminated.

In the present action, the plaintiff alleges that at the time of the automobile collision in question Lowry had a valid automobile liability insurance policy, conforming with the statutory requirements of the North Carolina Motor Vehicles Laws, issued by Aetna; that this policy provided coverage for Smith and that pursuant thereto Aetna is responsible and should pay the plaintiff the amount of the judgment. Plaintiff in this action further alleges that Security, at the time of the collision in question, had issued a policy to the father of Smith; that this was a family auto policy and afforded liability insurance protection to Smith who was an unemancipated 16 year old dependent son of the father and living in the father's household. Plaintiff further alleges that, at the time of the automobile collision in question, State Farm had issued an automobile liability policy to the husband of the plaintiff, and under the terms of said policy, the plaintiff was an insured person; that the State Farm policy complied with the Motor Vehicle Safety and Financial Responsibility Act of the State of North Carolina and afforded protection to the plaintiff against uninsured motorists because of bodily injury. The plaintiff further alleges that under the terms and provisions of one of the three insurance policies issued by the respective defendants she is entitled to recover the amount of the judgment which she has obtained against Smith but that she is in doubt as to the correct one.

Aetna filed an answer denying any liability to the plaintiff. State Farm filed an answer denying liability to the plaintiff on the ground that Smith was not an uninsured motorist but was protected and covered by the policy of either Aetna or Security. Security filed a demurrer for misjoinder of parties and causes of action and for failure of the complaint to state a cause of action against Security.

Judge McLean entered an order 11 March 1968 overruling the demurrer and allowing Security time within which to file an answer. It is from this order that the defendant Security appealed to this Court.

*Loftin & Loftin by E. L. Loftin, Attorneys for plaintiff appellee.*

*Uzzell and Dumont by Harry Dumont, Attorneys for Security General Insurance Company, defendant appellant.*

CAMPBELL, J.

[1]    G.S. 1-69 provides:

> *"Who may be defendants.* — All persons may be made defend-
> ants, jointly, severally, or in the alternative, who have, or claim,
> an interest in the controversy adverse to the plaintiff, or who
> are necessary parties to a complete determination or settlement
> of the questions involved. In an action to recover the possession
> of real estate, the landlord and tenant may be joined as de-
> fendants. Any person claiming title or right of possession to
> real estate may be made a party plaintiff or defendant, as the
> case requires, in such action. If the plaintiff is in doubt as to the
> persons from whom he is entitled to redress, he may join two or
> more defendants, to determine which is liable."

This statute was construed in *Conger v. Insurance Co.,* 260 N.C.
112, 131 S.E. 2d 889, and as stated in that case:

> "The trial of this action will unfold one connected story. It may
> have one chapter or it may have two, but there is no logical
> reason why it should take two law suits to tell it. The whole
> matter can be completely and finally determined, with all
> parties before the Court at one time, in one action without em-
> barrassing or prejudicing the rights of either defendant. On
> the trial plaintiff may be unable to sustain either of the causes
> she has alleged or, the evidence may require the submission of
> both causes to the jury under proper instructions The altern-
> ative causes are not separate and distinct; they are so inter-
> woven that if one defendant is liable the other is not. Of course,
> neither may be liable. It seems to us that this complaint, though
> it contains alternative factual allegations, discloses one of the
> situations for which G.S. 1-69 was passed sixty-three years af-
> ter G.S. 1-123."

We think *Conger v. Insurance Co., supra,* is controlling in this
case.

[2]    With regard to the second ground of demurrer, namely, that
the complaint does not state facts sufficient to constitute a cause of
action against Security, we are of the opinion that the allegation in
the complaint, "(t)hat the policy issued by the defendant, Security
General Insurance Company, afforded liability insurance protection
to Michael Zeb Smith under the provisions of said policy and by
statute", is sufficient to withstand the demurrer.

Affirmed.

BRITT and MORRIS, JJ., concur.